## Albert J. Shannon v. John A. Smith.

*Transfer of causes : Statutory authority.* There is no general and inherent power in courts to remove a cause pending therein to another court, but that power can only be given by statute, and the statute must be complied with.

*Judges : Disqualification : Jurisdiction of court : Transfer of cause.* While the policy of this state does not favor the action of judges in cases where they have been counsel, the jurisdiction of the court is not taken away because of the incapacity of the judge to sit in given cases; and every case must remain in the court where it originated, until removed by lawful authority.

*Change of venue : Transfer of cause.* The change of venue at common law did not remove the record, but only changed the place of trial.

*Transfer of causes : Disqualification of judge : Order of transfer : Discretion : Jurisdiction.* Under the statute (*Comp. L., 1871,* §§ *4971–8*) providing for the transfer of causes to another circuit in certain contingencies, among which is that of the judge having been of counsel in the controversy, it is not allowable for the judge whose relations have disqualified him for trying the cause, to make the order of transfer, which involves the exercise of some discretion as to the circuit to which the cause shall be removed; and such an order made by him will not operate to lawfully transfer the cause so as to give the court to which it is ordered to be removed any jurisdiction to proceed in it.

*Order : Transmission of papers : Transfer of cause : Form.* It is doubtful whether an order for the transmission of papers in a chancery cause to the register of another court, would be in form sufficient as an order for the transfer of the cause, if otherwise unobjectionable.

*Heard April 9. · Decided April 13.*

Error to Van Buren Circuit.

*George W. Lawton,* for plaintiff in error.

*Lester A. Tabor* and *H. F. Severens,* for defendant in error·

Campbell, J.

This is an action of ejectment wherein the title of the plaintiff in error depends upon a foreclosure decree granted by the circuit court for Van Buren county, in a cause begun in Cass county, and claimed to have been transferred.

The order of transfer was made by the court in Cass county, by Hon. Daniel Blackman, sitting as circuit judge. It purports to be based on an affidavit that Judge Blackman "was formerly of counsel for the complainants in the above entitled cause, and for that reason is unable to act as judge in said cause."

The order was as follows, after the usual introduction: "it is ordered that the register of this court transmit all the files and papers, copies of orders in said cause, to register in chancery in Van Buren county, in said state of Michigan."

The policy of this state does not favor the action of judges in cases where they have been counsel, but we have no statute which takes away the jurisdiction of any court because of the incapacity of its judges to sit in given cases. Every case must remain in the court where it originated, until removed by lawful authority. And we have found no grounds for the assertion that any court has a general and inherent power to remove from itself to another court any cause pending in it. That power can only be given by statute, and the statute must be complied with.

The change of venue at common law did not remove the record, but only changed the place of trial. Under our statutes and constitution, the local tribunals are all separate and independent, and special and broad provisions have been made suitable to our own system, and required by the change from a system of *nisi prius*. No necessity has existed for changes of place in the hearing of equity cases generally, because they are not tried like jury causes, and circuit courts may be held by any judge who may be requested, as well as by the judge of the circuit where the

court is held. No transfer has been provided for except under peculiar circumstances.

One of these is the disqualification of the judge by reason of his having been connected with the controversy as counsel. Proceedings in such cases are governed by §§ *4971 to 4978 of the Compiled Laws,* and these sections cover the whole ground.

They provide for the exercise of some discretion in appointing the place of transfer, and this determination is important, and may have a bearing on the convenience and expense of litigation. Under our rules requiring all chancery cases to be brought in particular localities, the place of the litigation can seldom be indifferent; and under this statute a case must be transferred, if possible, to a county where some party or his counsel resides, while they may not all reside in the same place. The law has expressly excluded the interested judge from acting on this important question, and has required the order to be made by a commissioner, or a judge of another circuit.—§ *4972.*

There is no room, under this statute, for the action of the judge whose relations have rendered it improper for him to try the cause. He is not expected or allowed to exercise his discretion in any part of the proceedings. And the order of Judge Blackman in this case was not authorized by any rule of law that we have been able to discover. It follows that the cause was never lawfully transferred, and never came within the jurisdiction of the Van Buren circuit court.

It is very doubtful whether the order made here was one which even in form directed a transfer of the cause. An order for the transmission of papers to a register is not an order of transfer of a cause to a court. But the want of power to make any order at all, renders its form immaterial.

The court below decided rightly, that the case was not transferred; and the judgment must be affirmed, with costs.

GRAVES, CH. J., and COOLEY, J., concurred.