THOMAS D. STIMSON v. THE MICHIGAN SHINGLE COMPANY.

*Transfer of causes—Disqualification of circuit judge—Place of transfer.*

1. Under How. Stat. § 6499, the residence of the parties or of the attorneys of record controls as to the place of transfer, and the number or residence of the witnesses is not considered.
2. Where the attorney for a party is elected to the office of circuit judge, and thereby becomes disqualified to try the suit, the client has the right to select any attorney he sees fit in his stead, after which he may avail himself of his statutory right to transfer the case.
3. How. Stat. § 6499, does not seem to apply to any but the attorneys of record in the case to be transferred.
4. In this case, the commissioner having jurisdiction to act in the premises, his determination cannot be disturbed on *certiorari* on the showing made.[1]

*Certiorari* to a circuit court commissioner of Muskegon county to review proceedings to transfer suit. Submitted on briefs June 29, 1888. Proceedings sustained July 11, 1888. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for defendant.

*Edwin F. Uhl,* for plaintiff.

MORSE, J. *Certiorari* from the order of Frank H. Bassett, a circuit court commissioner of the county of Muskegon, transferring the suit from that county to the county of Kent.

On January 1, 1888, Albert Dickerman assumed the duties and office of circuit judge of the Fourteenth judicial circuit of this State, to which position he was elected

---

[1] See *Fellows v. Canney,* 75 Mich. 445, as to when the action of a commissioner will be reviewed.

by the people at the judicial election held in the spring of 1887. At and before that time he was a member of the law firm of Keating & Dickerman, practicing attorneys in the city of Muskegon. The said firm of Keating & Dickerman were the attorneys of record of the plaintiff in this suit, which was instituted August 26, 1887.

January 27, 1888, Edwin F. Uhl, who resides at Grand Rapids, in the county of Kent, was duly substituted as the plaintiff's attorney of record in the place of Keating & Dickerman.

The Fourteenth judicial circuit embraces within its limits the county of Muskegon. The circuit judge, therefore, being disqualified to try the cause, application was made by the plaintiff, by petition to Frank H. Bassett, a circuit court commissioner, for the removal of the cause under section 6499, How. Stat., to the circuit court for the county of Kent, where Uhl resided.

Upon hearing of said petition, the defendant answered, in opposition to such removal, that on December 18, 1887, George J. Cummings, an attorney at law residing in the county of Clare, was employed by it as counsel in the cause, with the expectation at the time that the suit would be tried in the county of Muskegon; that no less than 15 witnesses of the defendant reside in the county of Clare, and near Harrison, the county-seat thereof; and because of the employment of said Cummings, and the great expense of procuring the attendance of said witnesses at Grand Rapids, the defendant asked that the cause be transferred to Clare county instead of Kent.

It appeared that the circuit judges of both the Kent and Clare circuits were qualified to hear the cause. It further appeared from testimony taken upon the hearing that the subject-matter of the suit was located in Clare and Roscommon counties. The fact of the number of witnesses residing in Clare county, and the employment of Cum-

mings, was admitted, as stated in the answer of the defendant.

The attorneys of record of the defendant were Messrs. Smith, Nims, Hoyt & Erwin, residing in Muskegon.

The commissioner ordered a change of venue to the circuit court for the county of Kent, in accordance with the prayer of the petitioner.

The counsel for defendant claim :

1. That the order was contrary to the spirit and meaning of the statute.

2. The order of removal was unjust and inequitable.

3. The statute, rightly interpreted, means, as far as the attorney or solicitor is concerned, one who resided in the county to which change of venue is asked at the time the disqualification of the judge arose, and not the place of residence of an attorney afterwards hunted up and substituted.

The statute, after providing that causes may be transferred where the circuit judge is interested, and the manner of securing such transfer, and conferring upon circuit court commissioners the authority to make such transfers upon cause shown, provided in section 6499 that—

"If any party, or the attorney or solicitor of record of any party, shall be a resident of any county in this State other than the county in which said suit or proceeding is pending, and the judge of the circuit court of such other county shall not be disqualified to sit, within the provisions of the first section of this act, the said suit or proceeding shall be transferred to the circuit court of the county in which the party, attorney, or solicitor, or one of them, resides, unless the parties thereto shall by stipulation otherwise agree, and, in case of such agreement, the order on such transfer shall be in accordance therewith."

We think the commissioner had jurisdiction to act in the premises, and that his determination cannot be disturbed by us on this writ under the showing made.

By the terms of the statute it does not matter when or how Mr. Uhl became attorney of record for the plaintiff. There was no showing in this Court or before the commissioner that the spirit of the statute was violated by the selection of Mr. Uhl for the purpose of removing the cause to Kent county.    When Mr. Dickerman became circuit judge, and thereby disqualified to act in the cause, the plaintiff had the right to select any attorney he chose in his stead, and, after selecting such attorney, to avail himself of his right under this statute.    The statute does not seem to apply to a person like Mr. Cummings, who is not an attorney of record in the cause.    The words are:

" If any party, or the attorney or solicitor of record of any party, shall be," etc.

Nor does the number or residence of the witnesses in the cause cut any figure in the statute; it is the residence of the parties or the attorneys of record that controls.

The writ of *certiorari* must be dismissed.    The order of the commissioner will stand, with costs to plaintiff.

The other Justices concurred.