JOHN E. BOLLES AND ERÁSTUS H. CHAMBERLAIN V. THE SAULT SAVINGS BANK· LOAN & TRUST COMPANY ET AL.

*Transfer of cause—Discretion of commissioner.*

Where, on an application to a circuit court commissioner for the transfer of a cause on account of the disqualification of the circuit judge, a counter-application is presented asking for such removal, and both are within the statute, it is within the discretion of the commissioner to select the place of removal; and the convenience of the parties and the residence of witnesses are proper matters for his consideration.[1]

*Certiorari* to the circuit court commissioner of Chippewa county to review proceedings to transfer a suit. Argued April 23, 1891. Writ dismissed June 5, 1891. The facts are stated in the opinion.

_____

[1] See the following cases in which the statute has been construed, in whole or in part:

In *Stimson v. Shingle Co.*, 71 Mich. 374, it is held that the residence of the parties or of the attorneys of record controls as to the place of transfer.

In *Pack v. Alcona Circuit Judge*, 74 Mich. 28, the Court hold that the statute is imperative if proper cause is shown, and the only matter left to the discretion of the judge or commissioner is the circuit and county to which the cause shall be removed.

In *Curtis v. Wilcox*, 74 Mich. 69, it is held that on *certiorari* to a commissioner to review proceedings under the statute, in the absence of any real conflict in the testimony, the Court will apply the law to the testimony without regard to the finding of the commissioner, which will be considered a finding of law, and not of fact; citing *Fellows v. Canney*, 75 Mich. 445, where a similar question is discussed, and also the question of the sufficiency of a petition for such transfer.

See *Kelley v. Alcona Circuit Judge*, 79 Mich. 392, for a general discussion of the statute.

In *Kittridge v. Washtenaw Circuit Judge*, 80 Mich. 200, it is held that, upon application to the chancery court to exercise its supervisory powers over common-law assignments, the assignment becomes a civil proceeding pending in the circuit court, and is subject to be transferred under How. Stat. §§ 6495–6502.

In *Simpson v. Alpena Circuit Judge*, 81 Mich. 116, a transfer of a cause to a county in which neither of the parties or their attorneys resided is held unwarranted.

*Corliss, Andrus & Leete,* for complainants.

*H. M. Oren,* for defendant corporation.

*J. H. Goff,* for defendant William H. Myers.

*George Hayden,* for defendant Edward F. Myers.

McGRATH, J. The bill in this case was filed in the Chippewa circuit by residents of Wayne county against the Sault Savings Bank Loan & Trust Company, a resident of Chippewa county, William H. Myers, a resident of Hillsdale county, and Edward F. Myers, a resident of Indiana.

The solicitors for complainants applied to a circuit court commissioner under the statute for the removal of the case to the Wayne circuit court on the ground that the circuit judge of Chippewa circuit was disqualified to sit in the trial thereof. Before the hearing of the application, Edward F. Myers appeared by George Hayden, his solicitor, and filed a counter-petition, setting forth that said George Hayden was a resident of Marquette county, and praying that the case might be transferred to that county; and upon the hearing the commissioner made an order transferring the cause to the Marquette circuit. The case comes here upon *certiorari* for review.

It is insisted by complainants that the commissioner had no discretion under their petition after the fact of the disqualification of the circuit judge of the Chippewa circuit, and the fact that the circuit judges of Wayne county were not disqualified, had been determined, as to the county to which the removal should be made, but that he should have removed the cause to the Wayne circuit.

There having been two petitions for removal to different counties, both of which were within the statute, it was within the discretion of the commissioner to select

one of the two places named. The statute provides that the parties interested shall be notified of the application, and, after hearing the parties, the commissioner "shall grant an order for the transfer of said cause or proceeding to the circuit court of some other county." It is not the intention of the statute that a plaintiff may commence a proceeding, and, before. time for even service or appearance shall have elapsed, he may, by reason of the filing of an application for removal, arbitrarily determine the county to which the cause shall be removed. Upon such application, as between two or more counties coming within the statute, the convenience of the parties and the residence of witnesses are proper matters for consideration by the commissioner.

In *Shannon v. Smith*, 31 Mich. 451, 452, cited by counsel for complainants, it was held that the statute contemplates the exercise of some discretion in appointing the place of transfer, and the removal in that case was held invalid because the disqualified judge .made the order, and the Court say "he is not expected or allowed to exercise his discretion in .any part of the proceedings." In *Stimson v. Shingle Co.*, 71 Mich. 374, 377, also cited, the Court say that the statute applies only to a party or ".the attorney or solicitor of record," and that the removal of a cause to a county could not be based upon the residence in that county of "counsel" who was not the attorney of record, and, in the absence of a party or solicitor or an attorney of record in that county, the number or residence of witnesses therein would cut no figure under the statute.

The matter of the place of transfer was one within the discretion of the commissioner, and it does not appear that there was any abuse of that discretion.

The writ will be dismissed, with costs to defendants.

The other Justices concurred.