GERTRUDE DAVIDSON v. THE GRAND TRUNK ELEVATOR COMPANY.

*Transfer of cause.*

The statute (How. Stat. § 6495 *et seq.*) does not authorize the transfer of a suit to a county where neither of the parties or their attorneys of record, but only the *counsel* of the party making the application for transfer, resides.[1]

---

[1] For cases bearing upon the construction of and proper practice under How. Stat. § 6495 *et seq.*, which provide for the transfer of civil suits or proceedings in law or in equity where the circuit judge is disqualified, see:

1. *Campau v. Dewey*, 9 Mich. 381, 407, holding that the statute provides only for the transfer of causes from one circuit to another when the judge of the circuit in which the case is pending is incompetent, for special reasons therein mentioned, to hear the case, or even properly to hear the motion for its transfer.

2. *Whipple v. Circuit Judge*, 26 Mich. 342, holding:

a—That the clause disqualifying the circuit judge where he has *heretofore* been consulted, etc., refers to the time when the application for transfer is made.

b—That the contention that a circuit court commissioner, who, under the Constitution and statute, can only exercise the powers of a circuit judge at chambers, is deprived of the power to make the order of transfer because the circuit judge for his county, in consequence of his disqualification, cannot make it, is untenable.

3. *Fraser v. Circuit Judge*, 48 Mich. 176, holding that the statute applies to an appeal from the disallowance of a claim against the estate of a deceased person pending in the circuit court; and *Kittridge v. Circuit Judge*, 80 Mich. 200, holding that, upon an application to the chancery court to exercise its supervisory powers over a common-law assignment, the assignment becomes a *civil proceeding* pending in the circuit court, and subject to transfer under the statute.

4. *Grostick v. Railroad Co.*, 96 Mich. 495, holding that the application for transfer need not be verified, nor need it set forth that the judge of the circuit to which the suit is to be transferred is qualified to sit; but see *Kelley v. Circuit Judge*, 79 Mich. 392,

*Certiorari* to review proceedings resulting in the transfer of a suit. Argued October 25, 1893. Order quashed November 10, 1893. The facts are stated in the opinion.

*Lungerhausen & Erskine* (*A. E. Chadwick*, of counsel), for plaintiff, and petitioner in *certiorari*.

*Phillips & Jenks*, for defendant, and respondent in *certiorari*.

McGRATH, J. This is *certiorari* from an order of a circuit court commissioner of St. Clair county removing this cause to Wayne county.

The petition prayed for the removal of the cause to Wayne county, but the only basis for removal to that county set forth in the petition, or that appears to have

holding that proof that the judge is so qualified must be made upon the hearing of the application.

5. *Fellows v. Canney*, 75 Mich. 445, holding that an application which states that the circuit judge was counsel for the petitioner, and assisted her in selecting a jury on a former trial, and, on the case being called for a second trial before him, announced that he could not try it, as he had been so interested before assuming his duties as judge, is sufficient to give jurisdiction.

6. *Stimson v. Shingle Co.*, 71 Mich. 374 (cited with approval in *Bolles v. Loan & Trust Co.*, 86 Mich. 229), holding that the residence of the parties or of their attorneys of record controls as to the *place* of transfer; and *Simpson v. Circuit Judge*, 81 Mich. 116, holding that a transfer of a cause to a county in which neither of the parties or their attorneys resides is unwarranted, unless made by agreement of the parties.

7. *Pack v. Circuit Judge*, 74 Mich. 28, and *Grostick v. Railroad Co.*, 96 Mich. 495, holding that the statute is imperative, and that the only matter left to the discretion of the judge or commissioner, where the application sets forth a proper cause for removal, which is established by the proofs, is the circuit and county to which the cause shall be transferred.

8. *Kelley v. Circuit Judge*, 79 Mich. 392, holding that it was not intended that the statute should be used as an instrument of oppression and hardship, or for the express purpose of enabling one party to chose the particular forum in which to carry on his litigation, to the detriment of his opponent; and that, where the proceedings are plainly in fraud of the statute, the judge (or commissioner) has discretion and authority to deny the application, which he should exercise when the hardship to the opposing party is apparent.

9. *Grostick v. Railroad Co.*, 96 Mich. 495, holding:

*a*—That the fact that another circuit judge is expected to hold a term of court in the county where the suit is pending does not

been urged, is that Elliott G. Stevenson, "counsel for defendant," resides in that county. Plaintiff's counsel urged a removal to Macomb county, and objected to a removal to Wayne. No testimony was taken. The order of removal recites that "the facts in said petition being admitted" by the attorney for plaintiff, and "it further appearing that said Elliott G. Stevenson, counsel for said defendant, resides in the county of Wayne, it is ordered," etc.

It was held in *Stimson v. Shingle Co.*, 71 Mich. 374, and later in *Bolles v. Loan & Trust Co.*, 86 Id. 229, that How. Stat. § 6499, applies only to a party or the attorney or solicitor of record, and that the removal of a cause to a county could not be based upon the residence in that

---

affect the right or duty of the commissioner to act upon the application for transfer.

b—That the discretion of the commissioner cannot be said to have been abused by transferring the suit to a county in which the attorneys for both parties reside, instead of to an adjoining county, through which the defendant's railroad runs, and which can be more conveniently reached by the witnesses who reside in the county from which the transfer is made.

10. *Bolles v. Loan & Trust Co.*, 86 Mich. 229, holding that where a counter-application for transfer is presented, and both applications are within the statute, it is within the discretion of the commissioner to select the place of removal; and the convenience of the parties and the residence of witnesses are proper matters for his consideration.

11. *Palmiter v. Lumber Co.*, 31 Mich. 183, holding that an order based upon a stipulation for the transfer of a cause, conditioned upon the defendant's perfecting a transfer of the papers at his own expense within 30 days, ceases to be of force after the expiration of the 30 days, unless the condition is complied with.

12. *Shannon v. Smith*, 31 Mich. 451, holding that an order directing a register in chancery to transfer the files, papers, and copies of orders in a chancery suit to the register in chancery of another county, to which the suit is sought to be transferred, is not an order of transfer to the circuit court of the latter county.

13. *Comfort v. Stockbridge*, 37 Mich. 472, holding that *certiorari* will lie to two circuit court commissioners to bring up the proceedings had before each, resulting in conflicting orders for the transfer of a suit.

14. *Fellows v. Canney*, 75 Mich. 445, holding that on *certiorari* to review proceedings before a circuit court commissioner for the transfer of a cause, in the absence of a conflict of testimony, the Court will determine, as a question of law, whether the commissioner was correct in his conclusion, but, if such conflict exists, his finding must control; citing *Curtis v. Wilcox*, 74 Mich. 69.

county of "counsel" who was not the attorney of record.

The order of the circuit court commissioner must therefore be set aside, with costs to plaintiff.

The other Justices concurred.