CHARLES S. LEFFERTS, APPELLANT, V. HIRAM BELL, IMPLEADED WITH THOMAS SKINNER ET AL., APPELLANTS, AND MANHATTAN BEACH IMPROVEMENT COMPANY ET AL., APPELLEES.

FILED DECEMBER 22, 1898. No. 8571.

1. **Change of Venue:** DISTRICT COURT: JURISDICTION. A district court has no jurisdiction on its own motion to transfer for trial a case from one county to another.

2. **District Court:** JURISDICTION: DISMISSAL OF ACTION IN ANOTHER COUNTY. A district court has no jurisdiction to render a judgment in an action pending in one county dismissing such action from the district court of another county.

3. ———: ———: ———: CHANGE OF VENUE. Douglas and Sarpy counties are in the same judicial district. An action to quiet title to real estate was brought in the district court of Sarpy county, the petition alleging that the real estate was situate

Lefferts v. Bell.

in that county. The defendants answered, averring that the real estate was situate in Douglas county. The parties stipulated in writing that the evidence in the case should be taken before the judge of the district court at a certain time and place in Douglas county, that counsel there submit their arguments, and that then the cause should be treated as fully submitted to the district court of Sarpy county for final determination. The evidence was so taken, and the arguments so had; and thereupon the district court of Douglas county made an order transferring the record, pleadings, and proceedings of the case on file in Sarpy county to the district court of Douglas county, made an order dismissing the case pending in Sarpy county, caused the case to be docketed in Douglas county, and on the evidence taken under the stipulation entered a decree in the case. *Held*, (1) That the order made in Douglas county by the district court thereof transferring the case from the district court of Sarpy county to the district court of Douglas county was void; (2) that the order made in Douglas county by the district court thereof dismissing the action from the district court of Sarpy county was void; (3) that the decree pronounced in the case by the district court of Douglas county was void.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Reversed and dismissed.*

*Ross & Ross, S. B. Snyder, O. D. Wheeler, E. E. Aylesworth,* and *George W. Cooper,* for appellants.

*Gregory, Day & Day,* and *Emmet Tinley,* for appellees.

RAGAN, C.

This record presents some unusual features. Charles S. Lefferts brought this action in the district court of Sarpy county against Hiram Bell and a number of others. In his petition Lefferts alleged that he was the owner of certain described real estate situate in said Sarpy county; that each of the parties made defendants set up or claimed title to said real estate or some part thereof. The prayer of Leffert's petition was that his title to the lands described therein might be quieted in him. One J. J. Brown was made a defendant to this action, He filed an answer denying Leffert's title to the

real estate described in his petition, and by way of cross-petition claimed title in himself to said land, or a part thereof, averring that said land was situate in said Sarpy county. The other parties made defendants, who answered Lefferts' petition, in addition to a general denial of Lefferts' title, pleaded, among other things, that the land described in his petition was situate in the county of Douglas, and not in the county of Sarpy. After the issues had been made up all the parties to the action entered into a stipulation in writing and filed the same as one of the papers in the case. This stipulation provided that the evidence in the case should be taken before the Honorable G. W. Ambrose, judge of the district court of Sarpy county, in the district court room in the Bee Building, in the city of Omaha, in Douglas county, at a certain time; that upon the completion of the taking of the evidence counsel for the respective parties might submit their arguments to said judge, and that "the cause shall be treated as fully submitted to the district court of said Sarpy county for the final determination of said court." Douglas and Sarpy counties are both in the same judicial district. In pursuance of this stipulation the evidence in the case was taken, and the argument of counsel had before the said judge at the time and place mentioned in said stipulation. Afterward, at the September, 1895, term, to-wit, on the 19th day of December, 1895, of the district court of Douglas county, the said judge made an order transferring the record, pleadings, and proceedings of the case at bar from the district court of Sarpy county to the district court of Douglas county and ordering this case to be docketed in said latter court, all of which was done; also, as a part of said order, dismissed this case from the district court of Sarpy county, and subsequently, at the same term of the district court of Douglas county, entered a decree in the case which is before us on appeal.

We learn from the record that the learned judge made the order transferring this case from the district court

of Sarpy county to the district court of Douglas county because he had reached the conclusion, after hearing the evidence, that the real estate in controversy was situate in Douglas county. We think that the order made by the learned judge transferring this case from the district court of Sarpy county to the district court of Douglas county, and docketing it in the latter county, was absolutely void, and the order made by the judge in Douglas county dismissing the action from the district court of Sarpy county was likewise void. (*Johnson v. Bouton*, 56 Neb. 626.) If the district judge had jurisdiction—and we do not discuss nor decide that question—to hear the evidence in this case, and the arguments therein, in Douglas county while the action was pending in the district court of Sarpy county, and if he had jurisdiction to decide the case in Douglas county upon the termination of the argument, and if his conclusion that the *situs* of the real estate involved was in Douglas county was correct, then he should have entered a decree in the district court of Sarpy county dismissing Lefferts' action. But he had no jurisdiction to transfer the case from Sarpy county to Douglas county for the purpose of a trial or decision. (*Fisk v. Thorp*, 51 Neb. 1.) The record shows that no trial of this case ever took place in the district court of Douglas county, but by the order of the judge, as already stated, the case was docketed there, and there decided; and since the order of the court docketing the case in Douglas county was void, the case was not there, and the decree of the district court of Douglas county pronounced in that action is a nullity.

It appears from the record that the orders which we have said were made by Judge Ambrose transferring this case from the district court of Sarpy county to the district court of Douglas county and dismissing this action out of the district court of Sarpy county were intended to be orders of the district court of Douglas county, as they purport to have been made at the September term of that court, and purport to be orders of court. But

whether these orders were made by Judge Ambrose as judge, simply, or whether they were made by him as the district court of Douglas county, they were equally void. Neither the district court of Douglas county nor a judge thereof had any jurisdiction to make an order or enter a decree in that county dismissing an action pending in Sarpy county, nor any jurisdiction to make an order or decree in that county transferring the case from another county to that. The decree appealed from is reversed. The entire proceedings, so far as they purport to be brought to or pending in Douglas county, are dismissed.

REVERSED AND DISMISSED.