**BUCHANAN, Sheriff, et al. v. CROW et al. (No. 6581.)**

(Court of Civil Appeals of Texas. Austin. May 3, 1922.)

**1. Venue ⬤⟺33, 57—District court held without power to change on its own motion.**

A change of venue was unknown at common law, the power to make such change must be found either in the Constitution or in the statutes, and the district court is without authority to change the venue upon its own motion.

**2. Venue ⬤⟺57—Wording of present Constitution held not to authorize district court to change venue on its own motion.**

The present Constitution, declaring that power to change the venue shall be vested in the courts to be exercised as provided by law, effects no change from the provision of the Constitution of 1845, art. 7, § 14, that the Legislature shall provide for a change of venue, and does not authorize a district court, on its own motion, to change the venue of a cause.

**3. Injunction ⬤⟺74—Held proper remedy to prevent clerk from transferring cause under void order.**

If an order of the district court transferring a case to another county is void, the clerk in obeying said order would be acting without any legal authority, and injunction is the proper remedy to prevent the clerk's transferring such a case, since the remedy by appeal from a judgment in such other county would not be adequate relief in view of an expensive trial.

**4. Injunction ⬤⟺16—Legal remedy to defeat injunction must be adequate.**

It is not sufficient that a party has a legal remedy in order to defeat his right of injunction, but such remedy must be adequate.

**5. Injunction ⊕7—Mandamus held not exclusive remedy to defeat illegal change of venue and not to take away right to injunction.**

Where a district court issued a void order for change of venue, while application to the Court of Civil Appeals for mandamus to compel the district court to proceed with the trial would have been a proper remedy, it is not an exclusive remedy and does not defeat the right to enjoin the clerk from sending the papers to the other county.

**6. Venue ⊕74—Order transferring to county other than the one whose courthouse is nearest must be reversed.**

Rev. St. art. 1914, provides that upon change of venue the cause shall be transferred to the adjoining county, the courthouse of which is nearest to the courthouse in which the case is pending, unless it be alleged in the petition that good cause exists why it should not be transferred to such county, and where the court on its own motion transferred the cause to a county other than that whose courthouse was nearest, merely on the court's own opinion that a fair trial could not be had in the county whose courthouse was nearest, such order must be reversed.

**7. Words and Phrases—Evidence defined.**

"Evidence" is testimony given in a case in the manner prescribed by law.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Mrs. Inez L. Crow and others against Bob Buchanan, Sheriff of McLennan County, and others, as his official bondsmen; for damages for the death of C. L. Crow, in which the court on its own motion granted a change of venue to another county and the defendants' petition for temporary injunction to prevent the clerk transmitting the papers was denied, and defendants appeal. Reversed and remanded, with instructions.

Nat Harris and W. L. Eason, both of Waco, for appellants.

E. C. Canon and Erwin J. Clark, both of Waco, for appellees.

JENKINS, J. On the night of October 1, 1921, appellant herein was sheriff of McLennan county. At that time he undertook to stop a parade of members of the Ku Klux Klan, in the town of Lorena, McLennan county. In the mêlée that ensued, C. L. Crow, who was not shown to be a member of the Klan, but a bystander, was killed. His widow, Mrs. Inez L. Crow, filed suit in the district court of McLennan county against Buchanan and the sureties on his official bond, alleging that, in attempting to stop the parade referred to, and assuming to act therein in his official capacity as sheriff, he unlawfully inflicted injuries upon her husband resulting in his death.

When the case was called for trial, February 23, 1922, all parties announced ready for trial, but the court, upon its own motion, changed the venue of this cause to Bell county; to which action of the court the appellants herein excepted, upon the ground that the court was without authority to change the venue in the cause upon its own motion. Appellants filed a motion for rehearing as to said judgment of the court, which was overruled; to which appellants also excepted. Thereafter appellants filed their petition for a temporary injunction to prevent the clerk of the district court from transmitting the papers in this cause to the district court of Bell county. The court refused to grant such injunction; from which action of the court the appellants gave notice of appeal, and have perfected such appeal.

Appellants' bill of exceptions and the court's qualifications thereof will show the grounds of their objection to the action of the court, and the reason of the court for such action. Said bill of exceptions shows that the court changed the venue herein on its own motion from McLennan county to Bell county, and that both parties to this suit excepted to such action of the court; also, that the court found that the courthouse in Belton, Bell county, Tex., is 43 miles from the courthouse in Waco, McLennan county, Tex.; that the courthouse in Hillsboro, Hill county, Tex., an adjoining county to McLennan county, Tex., is 34 miles from the courthouse in Waco, McLennan county, Tex.; that the courthouse in Marlin, Falls county, Tex., an adjoining county to McLennan county, Tex., is 26 miles from the courthouse in Waco, McLennan county, Tex.

Appellants herein, in addition to excepting to the action of the court upon various grounds, the substance of which is that the court had no authority to change the venue upon its own motion, filed a motion for rehearing, setting out substantially the same grounds.

The court's qualifications to the bill of exceptions are as follows:

"First. This cause was called for trial February 23, 1922, and the court proceeded with the selection of a jury panel of 24 men for the period of 10 days; some 600 jurors were summoned, and after that number were exhausted there were 17 men who had not disqualified for cause, and among these 17 there were men whom the court was unwilling to accept as jurors; that the public sentiment and factional strife incurred by the facts in issue in this cause are without precedent in McLennan county, Tex.; that the court was the recipient of anonymous letters, reflecting upon the motives of some of the 17 men who had not disqualified from the tentative jury panel, and that it appeared to the court that it was practically impossible to secure a fair and impartial panel of 24 men in McLennan county, capable of trying said cause.

"Second. This cause was transferred to Bell county, Tex., for the reason that said county is the nearest county to McLennan county in

which a fair and impartial trial might be had; the cities of Marlin, Falls county, and Hillsboro, Hill county, being so near to McLennan county, and the commercial interests so identified, that the court was of the opinion that the same reasons might defeat a fair trial in those counties as do in McLennan county.

"Third. That neither side would request a change of venue in this cause, and that the court decided that the ends of justice to both plaintiff and defendants required a change of venue, and the court, as a necessary means of providing a fair and impartial trial for the litigants herein, and under his general and equitable powers incident and requisite to the perpetuation, power and control of the court over itself and its subject-matter, so acted.

"This bill is approved and amended and qualified and is ordered filed accordingly this March 7, 1922. H. M. Richey, Judge Seventy-Fourth Dist. Court, McLennan County, Texas."

[1] The principal issue for our decision is: Was the order of the district court of McLennan county changing the venue herein, upon its own motion, void?

In Rogers v. Watrous, 8 Tex. 62, 58 Am. Dec. 100, the district court of Harris county changed the venue, upon application of defendant, to the district court of Galveston county, for the reason that the district judge of Harris county was disqualified to try the cause. Upon the case being called in Galveston county, the plaintiff moved to strike the same from the docket, for the reason that the change of venue was not for a cause authorized by statute. Formerly the law had authorized a change of venue for the reason that the judge of the court in which the cause was pending was disqualified, but the court held that this ground for a change of venue had been repealed by omitting the same from the Act of May 11, 1846 (Acts 1st Leg. p. 200). The district court of Galveston county sustained this motion. Upon appeal, the Supreme Court, speaking through Judge Wheeler, said that the change of venue "having been granted for insufficient cause, the court at Galveston was justified in striking the case from its docket." This, of course, is true only upon the ground that the district court of Galveston county acquired no jurisdiction by the transfer of the case to that court upon a ground not authorized by statute, and that such order was therefore void.

In Dodson v. Bunton, 81 Tex. 655–657, 17 S. W. 507, the court granted a change of venue for a cause not within the provisions of the statute. The case was tried in the county to which it was transferred, and upon appeal it was held that such county was without jurisdiction to try the cause. To the same effect is Railway v. Ryan, 44 Tex. 426.

We quote from 40 Cyc. 144, as follows:

"In the absence of a statute, the court has no authority to order a change of venue on its own motion."

In Shannon v. Smith, 31 Mich. 451, the court said:

"We have found no grounds for the assertion that any court has a general and inherent power to remove from itself to another court any cause pending in it. That power can only be given by statute, and the statute must be complied with."

The statement of the law as shown by the quotation from Cyc. and the Supreme Court of Michigan, supra, is correct, for the reason that a change of venue was unknown to the common law; the power to make such change is purely statutory, and must be found in legislation, either in the Constitution or the statutes.

In Fisk v. Thorp, 51 Neb. 1, 70 N. W. 498, and in Lefferts v. Bell, 57 Neb. 248, 77 N. W. 680, it was said that—

"Unless the statute * * * expressly or impliedly empowered the court to make the change * * * on its own motion it had no authority to do so."

The statute in Nebraska did not authorize a change of venue in civil cases, upon the court's own motion. It was substantially the same as our statute upon that subject. Civil Code of Nebraska, §§ 61–63. The court further said, in 70 N. W. 498:

"If the transfer of the hearing to Dawes county was without authority, the district court thereof acquired no jurisdiction over the matter, and its orders therein must be reversed."

The court also said in Lefferts v. Bell, supra:

"We think the order made by the learned judge, transferring the case from Sarpy to * * * Douglass county, * * * was absolutely void; and the order * * * dismissing the action from the district court of Sarpy county was likewise void."

The holding in these cases is likewise to the effect that a court has no inherent power to change the venue in any case, but that such power must be found, if at all, in the statutes.

The statutes of Missouri provide, as do the statutes of this state, that a district court may change the venue in a criminal case, upon its own motion.

In State v. Turlington, 102 Mo. 642, 15 S. W. 144, the defendant was indicted for the murder of the sheriff while attempting to break jail. He made a motion to change the venue, upon the ground that there was such prejudice existing in the county where the cause was pending as to prevent him from obtaining a fair and impartial trial. The statutes of Missouri required that such motion should be supported by the affidavit of two persons. One party made such affidavit, and, being unable to obtain another compurgator, she filed with the motion her affidavit to the effect that she had requested a number of prominent citizens to join her

in the application for a change of venue; that each of them stated that they knew that the ground alleged, namely, prejudice so great as to prevent the defendant from obtaining a fair trial, was true, but that they declined to sign the said motion on account of fear of personal violence. The affidavit further stated that the alleged murder was committed by defendant while attempting to break jail, and that the excitement caused thereby was so great that the Governor sent the militia to protect the defendant from being mobbed; that these facts, and the fact of the existence of the prejudice alleged in the motion, were known by the district judge to be true, and requested him to either grant the motion without an additional compurgator, or to change the venue upon his own motion. The court did not change the venue upon its own motion, and overruled defendant's motion to change the venue, for the reason that same was sustained by the affidavit of only one person. The defendant was convicted, and, upon appeal, the Supreme Court affirmed the action of the district court in refusing to change the venue, and stated that the application must conform to the statute, in that it must be supported by the affidavit of two compurgators.

Upon authority of the cases hereinabove cited, as well as upon our own construction of the statute with reference to the change of venue, we hold that the district court of McLennan county had no authority to change the venue upon its own motion.

[2] It might be contended, though it is not in this case, that our present Constitution vests power in district courts to change the venue in civil cases, without reference to any legislation on that subject. The language of the present Constitution (art. 3, § .45) of this state is:

"The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the Legislature shall pass laws for that purpose."

The Constitution of 1845 (art. 7, § 14) which was in force when Rogers v. Watrous, supra, was decided, reads as follows:

"The Legislature shall provide for a change of venue in civil and criminal cases."

We do not think the change of verbiage effects any change in the substance of the Constitution of 1845, as above set out. It will be observed that our present Constitution declares that—

The "power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law."

This, in effect, is no more than saying that the Legislature shall provide the method by which the venue in civil and criminal cases may be changed. The power vested in the courts is "to be exercised in such manner as

shall be provided by law." We think this would exclude any manner not provided by law, and especially so after the Legislature has provided the manner in which a change of venue may be had.

[3, 4] The court, in the instant case, not having exercised the power to change the venue in the manner provided by law, was without authority to order such change. If it be conceded that the order of the court transferring this cause from McLennan to Bell county was void, it might still be contended that injunction is not the proper remedy. That injunction is the proper remedy to prevent a void judgment from being carried into effect, either by ordinary execution or otherwise, is too well settled to require citation of authority. But it is suggested by appellees, in the instant case, that the application for injunction herein is, in effect, asking the court to enjoin itself against the execution of its own order. This is not the case. The prayer is for an injunction to prevent the clerk from sending the papers in the case to Bell county. If the order of the court transferring the case to Bell county is void, then, in law, it never had any existence, and the clerk in obeying said order would be acting without any legal authority. He would be committing a wrong against appellants, in that, if the case is sent to Bell county and the court there should hold that it had jurisdiction to try the cause, necessarily considerable expense and some delay would be incurred. The appellants alleged that, on account of the great number of witnesses in this case, it would cost $10,000 to try the cause in Bell county. If tried there and the cause was appealed to this court, we would hold that the judgment entered by the district court of Bell county was void, and would reverse the case and remand it to that court, with instructions to retransfer the case to McLennan county. In this way appellants would obtain relief against the illegal and void action of the district court of McLennan county, for the reason that they would ultimately secure trial of the case in that county, unless the venue should be hereafter changed for a good cause; but such relief would not be adequate. It would involve great expenditure of money and great delay of time. It is not sufficient that a party has a legal remedy in order to defeat his right of injunction, but such remedy must be adequate.

[5] It might be said that appellants should have applied to this court for a mandamus to compel the district court of McLennan county to proceed with the trial. This would have been a proper remedy. Mandamus will be awarded in all cases where it is made to appear that the court in which the case is pending refuses to proceed with the trial; but we do not think that mandamus was appellants' exclusive remedy.

By enjoining the clerk from sending the papers to Bell county, the case remains upon

the docket in McLennan county. Such is the effect of our holding herein, and presumably the district court will proceed to try the cause in McLennan county. In fact, it was stated in oral argument, by counsel representing each of the parties hereto, that such would be the action of the district court, and that each party was anxious to have the issue as to the power of the district court to change the venue upon its own motion decided as speedily as possible.

[6, 7] Even should we not have arrived at the conclusion that the district court of McLennan county was without authority to change the venue herein upon its own motion, we would have been constrained to reverse and remand this case, for the reason that the statute, article 1914, Revised Statutes, provides that upon change of venue the cause shall be transferred to the adjoining county the courthouse of which is nearest to the courthouse in which the case is pending, unless it be alleged in the petition that good cause exists why it should not be transferred to such county. The court found, in the instant case, that the courthouse of Falls county was nearest to that in McLennan county. It did not find that the allegation in the petition for change of venue, as to why the case should not be transferred to Falls county, was true, because there was no such allegation; there being no such petition. If such had been alleged, the court could have sustained the same, if the evidence seemed to him to justify it; but the court, in the instant case, had no evidence as to any reason why the case should not be transferred to Falls county. The supposition in his own mind, which might or might not have been correct, that there existed a like prejudice in Falls county, was not based on evidence. Evidence is testimony given in a case in the manner prescribed by law. There was no such testimony in this case.

For the reasons stated, the judgment of the district court herein is reversed and remanded, with instructions to proceed with the trial of this cause in McLennan county, unless, upon proper motion for a change of venue, if such be hereafter filed, the court should decide that the venue herein should be changed.

Reversed and remanded, with instructions.