### WIGHT v. MOSS et al.
### No. 12165.

Court of Civil Appeals of Texas. Dallas.
Nov. 10, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Smith & West, of Henderson, and C. H. Machen, of Dallas, for appellees.

JONES, Chief Justice.

This suit was instituted in a district court of Dallas county, by appellant Allen Wight, against W. L. McMurray, sheriff of Rusk county, H. S. Moss, and J. E. Urschell, appellees, to enjoin an execution sale of a one-half undivided interest in an oil and gas lease on 20 acres of land in Rusk county. The execution was issued in favor of Moss and Urschell against W. Y. Rockwell and W. G. Clark, to enforce a judgment originally entered in a district court of Rusk county, denying Moss and Urschell a personal judgment for $11,500 against Rockwell and Clark, but impressing the said 20 acres of land, one-half interest in which was then owned by Rockwell and Clark, with an equitable lien to enforce a claim for which no personal judgment was rendered. This judgment was appealed to the Court of Civil Appeals for the Sixth Supreme Judicial District, and that court reversed the judgment of the lower court and rendered a personal judgment against Rockwell and Clark, for the amount of their claim. Moss & Urschell v. Clark et al. (Tex.Civ.App.) 82 S.W.(2d) 1090.

Appellant alleged in his petition that he had purchased the interest of Rockwell and Clark, and that he was the then owner of their undivided one-half interest. The court issued ex parte a restraining order in favor of appellant, on August 27, 1935, and set the cause down for hearing on September 7, 1935, to determine whether a temporary writ of injunction would issue. After this suit was filed, and after the restraining order was issued, Moss and Urschell withdrew their application for the execution which had already issued, and had an amended judgment entered in the district court of Rusk county, claiming that such amended judgment was necessary so as to give force to the mandate of the Court of Civil Appeals. This amended judgment was entered without notice to defendants in the judgment, and gave to Moss and Urschell the equitable lien on the undivided one-half interest in the 20 acres which had been given to them in the original judgment, and authorized the issuance of an order of sale to enforce the Moss-Urschell judgment in the principal sum of $11,500. The order of sale at once issued. The original judgment was amended September 4, 1935, and on September 5th, Moss and Urschell caused the issuance of the order of sale. On September 7th, there was a hearing on the matter of appellant's right to a temporary writ of injunction, and such writ of injunction was granted. In answer to the application for a temporary writ of injunction, appellees filed a plea in abatement, based on the amended judgment in the district court of Rusk county. The court refused to pass on this plea, and of its own motion and over the objection of all parties before the court, transferred

this suit to the district court of Rusk county.

Appellant filed a motion for rehearing on the court's order to transfer, and embodied in this motion an application for a temporary writ of injunction, to restrain the clerk of the district court of Dallas county from sending the record, or certified copies of same, to Rusk county. This motion for rehearing was overruled, the temporary writ of injunction denied and from this latter order appellant has prosecuted this appeal.

The sole subject-matter of this appeal is, whether the court erred in refusing to grant the temporary writ of injunction, restraining the clerk from executing the transfer order. The solution of this appeal depends upon whether the order transferring the case to the district court of Rusk county, on the court's own motion and over the objection of all parties at interest, is void. If it is not void, then the case is removed by said order from the docket of the district court of Dallas county, and it is the plain duty of the clerk of the district court to execute the transfer order of the court. If the transfer order is void, then the case, in contemplation of law, remains on the docket of the trial court, the order of transfer is ineffectual for such purpose, and it is the plain duty of the clerk to refuse to execute same. Is the order void?

The identical question was before the Court of Civil Appeals of the Third Supreme Judicial District, in the case of Buchanan, Sheriff, et al. v. Crow et al., 241 S.W. 563, and decided adversely to appellees. In a very elaborate opinion by Judge Jenkins of that court, it was held that no power existed in a district court to change the venue of a pending suit, on its own motion, and that such an order, if entered, is void and of no effect whatever. It was also held in the reported case, that a proper method to prevent the enforcement of such a void order is to enjoin the clerk of the court from the execution of the transfer order. To sustain the opinion, Judge Jenkins cites numerous authorities from the Supreme Court of this state, and from courts of other states having similar constitutional provisions to the provision in our Constitution in respect to a change of venue (Const. art. 3, § 45). We consider this case decisive of the instant case, and adopt the reasoning and authorities cited by Judge Jenkins in support of this conclusion.

It follows, therefore, that the order of the trial court, changing the venue of this cause to Rusk county, is void; that in law the case remains on the docket of the Dallas county district court, and that it was error not to enjoin the clerk from executing said order by sending the record to Rusk county. We do not consider it necessary to direct the formal issuance of a temporary writ of injunction, but, in lieu thereof, instruct the trial court to hold the case on the docket, and proceed in due order with the trial of the case.

Reversed and remanded, with instructions.