HUMPHREY v. RAWLINS, District Judge, et al.

No. 12150.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1935.

R. B. Humphrey, of Dallas, for relator.

S. M. Helm, of Houston, for respondents.

BOND, Justice.

In an original application presented to this court by R. B. Humphrey, he seeks a writ of mandamus to compel the return of all original papers in the case of F. M. Hendrick et al. v. W. D. Boyd et al., No. 2667, from the district court of Montgomery county, Tex., to the 116th district court of Dallas county, and to compel the district court of Dallas county, in due course, to try the case.

The case of Hendrick et al. v. Boyd et al., supra, was originally filed in a district court of Harris county, Tex., and, on sustaining a plea of privilege, the Harris county district court transferred the case, with all of the original papers and copies of orders made therein, to the 44th district court of Dallas county. Thereafter, the case, having been transferred to the 116th district court, came on regularly for trial; Humphrey, being a party defendant, presented a plea in abatement, challenging the jurisdiction of the court to try the case for the lack of necessary party defendants. The Honorable R. M. Carter, judge of the 15th district court of Texas, at Sherman, who had been theretofore, by the Honorable Robert B. Allen, judge of the 116th district court, assigned to try the case, overruled the defendant's plea in abatement; then, on his own motion, changed the venue of the case to the district court of Montgomery county, and in the order of transfer directed the clerk of the district court of Dallas county to transmit the papers to that county. The clerk, in obedience to the order, forwarded the papers to Montgomery county, and the case was there docketed as one pending in that county. The defendant, Humphrey, excepted to the action of the court, gave notice of appeal, and has attempted to perfect the appeal by the filing of an appeal bond in the court below. The transcript of the record is now on file in this court.

We think there can be no question but that the order of the district court of Harris county, for which there was no appeal, sustaining the defendant's plea of privilege and transferring the cause from that county to Dallas county, is a final judgment and effectually forecloses any contention as to the venue of the suit; and that the order of the district court of Dallas county, thereafter changing the venue to Montgomery county, is void. Courts are without authority, on their own motion, to change the venue of civil suits, and such orders of transfer are ineffectual for any purpose. In contemplation of law, such a transferred case still remains on the docket of the court from which the transfer is attempted to be made, and the order of transfer confers no jurisdiction on the courts to which the case is sent.

In the case of Buchanan, Sheriff, et al. v. Crow et al. (Tex.Civ.App.) 241 S.W. 563, cited with approval by this court in the case of Wight v. Moss, 87 S.W.(2d) 837, decided on November 10, 1935, it is held, with supporting authorities from this state and other jurisdictions, that, in the absence of statute, courts are not vested with power to change the venue in civil cases on their own motion and that, to prevent the enforcement of such an order, an aggrieved party may apply to this court for an injunction to restrain the clerk of the offending court from executing the void order, or, if the order has

been executed, by mandamus, to compel the receiving clerk to return the papers and the judge of the court making the transfer proceed in due course with the trial.

On the authorities cited, the order of the trial court, changing the venue of this cause to Montgomery county, cannot be sustained; the clerk, by the order, was not legally empowered to transmit the papers to Montgomery county, therefore, in law, the case is still on the docket of the 116th district court of Dallas county. A writ of mandamus is available to the relator, Humphrey, to compel the clerk of the district court of Montgomery county to return the papers to the clerk of the district court of Dallas county, and the judge of the 116th district court to proceed in due order with the trial of the case. We do not, however, deem it necessary to direct the formal issuance of the writ of mandamus in accordance with the views herein expressed, feeling that the Honorable John A. Rawlins, who has, since the void order was made, succeeded to the office of district judge of the 116th district court, will reinstate the case on the docket and proceed with the trial, and that the clerk of Montgomery county will return the papers to the clerk of the district court of Dallas county. So feeling, the judge and clerk are directed to carry into effect the decision of this court.

Application for mandamus is granted.