**ACME TOOL, INC., Relator,**

**v.**

**Honorable G. A. GREEN et al., Respondents.**

**No. 7959.**

Court of Civil Appeals of Texas.

Amarillo.

May 19, 1969.

Rehearing Denied June 16, 1969.

Robinson & Fotheringham and A. J. Robinson, Amarillo, for petitioner.

Fike, Hunter & Schultz and King Fike, Dalhart, for respondents.

DENTON, Chief Justice.

This is an original mandamus proceeding brought by Acme Tool, Inc., seeking an order directing the Honorable G. A. Green, County Judge of Hartley County, Texas to proceed to trial and judgment in Cause No.

333 on the County Court docket of Hartley County. The other respondent is S. Ray Mitchell, the defendant in the cause below.

Relator originally filed this suit against Mitchell on a sworn account in the amount of $256.10 in the County Court at Law of Potter County, Texas. Upon the defendant's own sworn plea of privilege, the suit was transferred to the Dallam County Court. Upon the Dallam County Court Judge's refusal to try the case, relator filed a motion for change of venue to Hartley County, the alleged actual residence of respondent Mitchell. Relator's motion for change of venue was supported by an affidavit of its attorney and three credible persons who were residents of Dallam County, with each stating Mitchell was a resident of Hartley County, Texas. No objection nor controverting affidavit was filed by Mitchell. Upon a hearing before the Court, the County Judge of Dallam County transferred the cause to Hartley County. The Respondent Judge, G. A. Green, has not seen fit to set the case for trial on the ground his court lacks jurisdiction.

Article 1824, Vernon's Ann.Civ.St., grants this court authority to issue writs of mandamus in cases to compel judges of District and County Courts to proceed to trial and judgment.

■ It is apparent from this record that the root of the problem is the fact the city of Dalhart is situated in both Dallam and Hartley Counties. Mitchell, a resident of the city of Dalhart, apparently resides in that part of the city situated in Hartley County rather than Dallam County, as his plea of privilege inadvertently asserts. When this error was discovered, relator instituted the application for change of venue from Dallam to Hartley County.

Rule 257, Texas Rules of Civil Procedure, provides:

"A change of venue may be granted in civil causes upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

(a) That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial

(b) That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial

(c) For other sufficient cause to be determined by the court."

Relator's motion for change of venue, supported by affidavits of three credible persons who were residents of Dallam County, that Mitchell was in fact a resident of Hartley County was in compliance with Rule 257(c). The basis of relator's motion was to transfer the cause to the county of Mitchell's actual residence. In granting the motion the County Court of Dallam County made a determination the alleged ground was "sufficient cause" to remove the cause. In accordance with Rule 259, the cause was removed to Hartley County, an adjoining county, as well as the county of Mitchell's residence. Neither the motion nor the affidavits were attacked by Mitchell. Under such circumstances the Judge of Dallam County was required to remove the cause to Hartley County pursuant to Rule 258. City of Abilene v. Downs, 367 S.W.2d 153 (Sup.Crt.).

■ The County Court of Hartley County has jurisdiction of this cause. The alleged cause of action alleged the amount in controversy to be within the jurisdiction of County Courts. Article 5, Section 16, Texas Constitution, Vernon's Ann.St. The primary purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence except under statutory exceptions. Article 1995, V.A.C.S. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

In support of their contention that the County Court of Hartley County has no jurisdiction to try this case, respondents take the position the order changing venue to Hartley County was void and ineffective for the reason there are no statutes authorizing such change of venue. We do not agree. The cases relied on by respondents are not in point. Humphrey v. Rawlins, District Judge (Tex.Civ.App.) 88 S. W.2d 776; Wight v. Moss (Tex.Civ.App.) 87 S.W.2d 837 are cases in which the trial court ordered a change of venue on its own motion. In the instant case, relator did file its motion for change of venue and in our opinion such motion complied with Rule 257. Other cases relied on by respondents involved cases where the transfer was made on the ground the Judge was disqualified. Those cases are not controlling here.

We grant relator's prayer for a writ of mandamus to compel the County Judge of Hartley County to proceed to trial and judgment in Cause Number 333. We presume the trial judge will set the case for trial and proceed to judgment. Writ of mandamus will issue only if he refuses to do so.