The CITY OF La GRANGE, Texas, Appellant,

v.

Robert L. McBEE, Appellee.

No. 01–94–00207–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 25, 1996.

Rehearing Overruled June 25, 1996.

Tony Korioth, Wren G. Foster, Pamela McGraw, Austin, for Appellant.

Penelope E. Nicholson, Catherine B. Smith, Gwendolyn J. Samora, Houston, for Appellee.

Before FARRIS *, HEDGES and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

FARRIS, Justice.

We grant appellee's motion for rehearing, withdraw our opinion of March 9, 1995, and substitute this opinion in its stead.

* The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

In this negligence action, appellant, the City of La Grange (the City), appeals a jury verdict in favor of appellee, Robert L. McBee, Jr. McBee worked as a utility lineman for an independent contractor hired by the City to reroute a utility line. He was injured when a utility pole upon which he was working fell to the ground.

The City brings twelve points of error. Points three, four, seven, and nine challenge the legal and factual sufficiency of the evidence to support the judgment. In point two the City complains the trial court erred in overruling its motion to continue the hearing on McBee's motion to transfer venue. We overrule the City's no evidence points but sustain point two because the trial court abused its discretion in not allowing the City reasonable discovery. We do not address the City's remaining points or its complaints that the evidence was factually insufficient. We reverse and remand.

### Change of Venue

In point of error two, the City complains the trial court erred in overruling its motion to continue the hearing on McBee's motion to transfer venue without allowing it adequate notice, reasonable discovery, and an evidentiary hearing. We sustain point two because the trial court abused its discretion in denying the City an opportunity to conduct reasonable discovery in opposition to the motion to transfer. *See* TEX.R.CIV.P. 258.

McBee had moved to transfer the case pursuant to TEX.R.CIV.P. 257(a), contending he could not receive a fair trial in Fayette County because most Fayette County jurors reside in the City. In response, the City moved the court to continue the hearing on McBee's transfer motion. The court overruled the City's motion at a hearing conducted 10 days after McBee filed his motion. Texas Rule of Civil Procedure 87 provides that except on leave of court, each party is

entitled to at least 45 days notice of a hearing on the motion to transfer venue. TEX. R.CIV.P. 87(1). The City contends that by overruling its motion to continue the venue hearing, the court denied it adequate notice, reasonable discovery, and an evidentiary hearing.

In response McBee argues: at the hearing, the City only asked for a few more days and received the relief it sought; rule 87 gave the court discretion to shorten the time for the venue hearing; the City was not entitled to an evidentiary hearing; and no harm was shown.

We sustain the City's second point and reject McBee's response because the Court abused its discretion by denying the City sufficient time to investigate and respond to the motion to transfer venue.

▮▮▮ McBee contends the City got the relief it sought because the City asked for only a few additional days to get controverting affidavits and the trial court did not sign the order transferring the case until two weeks after the hearing. Thus, he argues, the City had the time it sought to obtain affidavits controverting the motion to transfer. During the hearing, the City first sought the 45 days provided by the rule. In answer to the trial court's question whether the City would need 45 days, the City indicated that ordinarily it would need only 10 days, but because the parties had agreed to take a number of depositions, it would need a few more days. Before ending the hearing, the court announced it was going to grant the change of venue on its own motion,[1] and would later decide to what court the case would be transferred. The court did not indicate that its order would be delayed so the City could obtain controverting affidavits or seek a reconsideration of the ruling; in fact, the record reflects the trial court transferred venue on its own motion to avoid granting a continuance.

---

1. The trial court denied McBee's motion, took judicial notice of the alleged local bias, and granted the change of venue on its own motion. As the City noted in point of error one, a trial court does not have authority to change venue in a civil suit on its own motion. *Robertson v. Gregory*, 663 S.W.2d 4, 5 (Tex.App.—Houston [14th Dist.] 1983, orig. proceeding); *Humphrey v. Rawlins*, 88 S.W.2d 776, 776 (Tex.Civ.App.—Dallas 1935, orig. proceeding); *Wight v. Moss*, 87 S.W.2d 837, 838 (Tex.Civ.App.—Dallas 1935, no writ). The City argues that because the trial court did not have authority to change venue on its own motion, the order transferring venue was void. We do not reach this issue, however, because we agree the City was entitled to conduct discovery on the issue of local prejudice, regardless of whether the trial court transferred venue on its own motion or on McBee's motion.

McBee contends the City was not entitled to an evidentiary hearing. We need not address this contention because the City was entitled to a reasonable time to investigate the issue and seek affidavits opposing the transfer.

McBee also contends the City has not shown harm. We disagree. The City had a right to oppose the motion to change venue on grounds of prejudice. Rule 87 allows parties in the ordinary case "at least 45 days notice of a hearing on the motion to transfer venue." To make its case, the City had the difficult task of gathering evidence proving prejudice did not exist. The City was entitled to engage in reasonable discovery to investigate the issue and develop evidence opposing transfer. *See* Tex.R.Civ.P. 258. The inescapable consequence of the trial court's refusal to continue the case denied the City reasonable discovery. Accordingly, by denying the City reasonable discovery the trial court abused its discretion. *See Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex.1990).

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is therefore ordered not published. The judgment of the trial court is reversed and the case is remanded.