HON. T. O. C. HARRISON, } JUDGES.
HON. T. L. NORVAL,

HON. ROBERT RYAN,
HON. JOHN M. RAGAN, } COMMISSIONERS.
HON. FRANK IRVINE,

---

ANNA L. FISK V. RUSSELL THORP ET AL.

FILED MARCH 17, 1897. NO. 7171.

51   1
57 251
51   1
s60 714

1. Judgment: MOTION TO VACATE: NOTICE. On the hearing of a motion to vacate or modify the judgment of a district court after a term at which it was rendered, there must be reasonable notice to the adverse party or his attorney in the action.

2. ——: ——: ——. Reasonable notice is such as is meet and fair in view of the circumstances and conditions existent at the time and with reference to the matter to be presented.

3. ——: ——: ——. Held, That if sufficient notice was not given of the hearing of a motion in the present case, it was not prejudicial to the rights of the complaining party, inasmuch as the hearing was adjourned to a subsequent date, which afforded ample time for the preparation to oppose the motion.

4. ——: ——: JURISDICTION. A judge of the district court has no jurisdiction at chambers to hear and decide a motion to vacate a judgment made after the term at which the judgment was rendered.

(1)

5. **Jurisdiction.** If a statute, in terms, confers jurisdiction to hear matters on a court as contradistinguished from a judge thereof, as a rule such matters must be heard in court, and not before a judge at chambers or in vacation.

6. **Change of Venue.** Unless expressly or impliedly empowered by statute to change the venue of a trial or hearing on its own motion, a court has no power to do so. (4 Ency. Pl. & Pr., 448.)

7. ————. The statute of this state does not provide that a district court may, on its own motion, order a change of venue in a cause or matter for hearing before it.

ERROR from the district court of Dawes county. Tried below before BARTOW, J. *Reversed.*

*Allen G. Fisher*, for plaintiff in error.

*E. W. Dailey, contra.*

HARRISON, J.

On the 10th day of February, 1892, the plaintiff in error herein commenced two actions in the district court of Sioux county, each for the foreclosure of a real estate mortgage and judgment against certain of the parties for any of the amount of debt unsatisfied by the application of the proceeds of the sale of the lands under the mortgage. The actions proceeded to decrees of sale of the mortgaged premises, confirmations of the sales, and deficiency judgments were rendered against certain of the defendants therein, including Russell Thorp and Josephine C. Thorp, defendants in error herein. During a term of court subsequent to the entry of the deficiency judgments there was presented for the Thorps a motion, the object of which was the vacation of the judgments as to the moving parties. This motion was made under the portion of section 602 of the Code of Civil Procedure designated "Third," wherein, as a ground for a district court to vacate or modify its judgment after the term at which it was rendered, it is stated that it may be for "irregularity in obtaining a judgment." This motion was called for hearing May 1, 1894, during a session of a

term of court in Sioux county, and after overruling a challenge to the jurisdiction of the court it was ordered that it be heard at district court in Chadron, Dawes county, on May 28, 1894, to which place and time the hearing was adjourned.    The motion and accompanying transcript were transferred to Dawes county, and when the matter came up in court, or before the judge, in accordance with the prior order, the counsel for plaintiff in error challenged the jurisdiction of the court to hear the matter at such place.    This objection was overruled and subsequently both parties participated in a hearing on the motion at Chadron, as a result of which the deficiency judgments against the Thorps were vacated.

It is claimed that there was no sufficient notice of the motion.    In section 604 of the Code of Civil Procedure it is prescribed that a motion of the character of the one in this case shall be "upon reasonable notice to the adverse party or his attorney in the action."    A reasonable notice of the hearing of a motion is such notice as is meet and fair, in view of the circumstances and conditions existent at the time in the matter to be presented.    (*Sterling Mfg. Co. v. Hough*, 49 Neb., 618; 2 Nash, Pleading & Practice [4th ed.], p. 1228.)    That service of the notice of the hearing of the motion was made upon the attorney who represented the plaintiff in error in this case is not controverted.    On the subject of the time of its service it is asserted in the brief of counsel that he was served with the notice five minutes before the matter was called for hearing.    The record, by which we should be governed, is not clear in regard to the time of notice, except that it was of the date May 1, 1894.    The notice was dated May 1, 1894, and the hearing was set for the same day.    This would seem to have probably been rather rapid advancement in the proceedings, but whether sufficient time was thereby afforded for the desired opposition to the motion to be prepared and presented is not very clearly disclosed by the record.    But if error to take up the hearing of the motion on such notice, it was, in

this case, without prejudice, for on overruling counsel's objection to its jurisdiction the court adjourned the hearing almost a month's time, amply sufficient to prepare for contesting the motion on its merits.

Another question presented is, did the court have any jurisdiction to hear and determine the motion in Dawes county? If the hearing at Chadron be considered as had at chambers, or in vacation, it was without jurisdiction. Our statute does not confer power upon a judge, as contradistinguished from a court, to hear a motion to vacate or modify the judgment of the court after the term at which it was rendered. Usually a judge has no power to vacate or amend orders and judgments in vacation or at chambers. It may or must be conferred by statute. (4 Ency. Pl. & Pr., 347.) An examination of the provisions of our Code of Civil Procedure on the subject of proceedings to reverse, vacate, and modify judgments, etc., after the term at which they were rendered (see ch. 2, title 16, sec. 602, and a number of other sections immediately following it in relation to the same matters) develops that the authority therein given, and jurisdiction conferred, are upon the court, and not in any sense or to any extent upon a judge thereof at chambers or in vacation. Where this is true, the hearing must be in open court, and cannot be before the judge at chambers or in vacation. It follows that if there existed any jurisdiction to hear the motion at Chadron, in Dawes county, a matter which had its inception in the district court of Sioux county, and which was properly triable there, it must have been by reason of the transfer of the case, or the portion of it to be considered and determined, to the Dawes county district court by a change of venue, and for this there was no application by either party to the action. The order for the change, so far as the record discloses, by the court in Sioux county was of its own motion, and unless the statute on the subject of change of venue expressly or impliedly empowered the court to make the change in the place of trial or hearing, on its

own motion it had no right or authority to do so. (4 Ency. Pl. & Pr., 448.) The statute of this state does not provide that the court may, of its own motion, order a change of venue in a cause or matter before it. (Code of Civil Procedure, sec. 61.) If the transfer of the hearing to Dawes county was without authority, the district court thereof acquired no jurisdiction of the matter, and its orders therein must be reversed and the cause remanded.

REVERSED AND REMANDED.