BONGARDS' CREAMERIES, Plaintiff,

v.

ALFA–LAVAL, INC., f.k.a. The DeLaval Separator Company, defendant and third-party plaintiff, Respondent,

v.

Gebrs H.J. SCHEFFERS N.V., third-party defendant, Appellant.

No. CX–82–1564.

Supreme Court of Minnesota.

Nov. 4, 1983.

Brian E. Palmer, Daniel P. O'Keefe, Minneapolis, for appellant.

Steven R. Anderson and Kari L. Anderson, Minneapolis, for respondent.

YETKA, Justice.

This is an appeal by Gebrs H.J. Scheffers, N.V. from an order of the Carver County District Court denying Scheffers' motion to dismiss respondent Alfa-Laval's third-party action against it.

Bongards' Creameries, a Minnesota corporation, commenced this lawsuit against Alfa-Laval, Inc., a New Jersey corporation, to recover damages sustained as the result of the purchase of allegedly defective equipment. Alfa-Laval subsequently served a third-party complaint for indemnity against Scheffers, a Dutch corporation. Scheffers moved to dismiss the third-party action for lack of personal jurisdiction and because the dispute was subject to an arbitration agreement. Apparently this was also a motion to compel arbitration. The district court denied the motion in all respects. Scheffers then appealed this denial of its motion. After the appeal was filed, Bongards and Alfa-Laval settled their claims.

The issue in this case is whether a Minnesota court should continue to exercise jurisdiction over this action or whether the court below should dismiss on the ground that there is a more convenient forum in which

to litigate. The district court did not reach this issue, and the parties did not raise it below or on appeal. However, since there is now no longer a Minnesota party involved in any aspect of this litigation, we believe that dismissal on *forum non conveniens* grounds is appropriate.

In 1971, Scheffers, a Dutch manufacturer of dairy processing equipment, granted Alfa-Laval an exclusive license to sell Scheffers' products throughout the United States. The agreement provides for arbitration as follows:

> Any disputes arising from a contract to which the present Conditions of Delivery apply in full or in part, or arising from further agreements proceeding from such contract, shall be settled to the exclusion of the ordinary courts, by a Board of Arbitration. This Board of Arbitration shall be appointed in accordance with the Regulations of the "Stichting Raad van Arbitrage voor Metallnijverheid on-Handel" at The Hague, and shall make its award with due observance of the Regulations of the said Council.

The article containing the arbitration clause also provides that New York law will govern the interpretation and execution of the agreement. At oral argument, the parties stated that arbitration would proceed in New York in accordance with the Hague regulations.

In 1973, Alfa-Laval negotiated the sale of a Scheffers' "falling film evaporator" to Bongards for use in Bongards' Minnesota cheese processing operation. Even though Alfa-Laval made the actual sale to Bongards, Scheffers' employees participated in sales efforts in Minnesota, designed and manufactured the evaporator for Bongards, and installed the evaporator at Bongards' plant.

Even though *forum non conveniens* was not raised below, dismissal on that ground is appropriate. Under the doctrine of *forum non conveniens,* a court "may decline jurisdiction over transitory causes of action brought by non-resident citizens or non-citizens of this state when it fairly appears that it would be more equitable to have the case tried in another available court of competent jurisdiction." *Hague v. Allstate Insurance Co.,* 289 N.W.2d 43, 45 (Minn.1979), *aff'd,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521, *reh'g denied,* 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981). In *Hague,* we held that the following factors should be considered in applying the doctrine of *forum non conveniens:*

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. * * * It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. 289 N.W.2d at 46, quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

In this case, none of these factors favors a Minnesota forum. Most, if not all of the sources of proof exist outside of Minnesota. Since this is an indemnity dispute, the proof will consist of the licensing agreement, documents concerning that agreement, and the testimony of the contracting parties, all of which are located either in New York or the Netherlands where the parties reside. The only possible source of proof in Minnesota is the defective equipment itself, and it is questionable whether that will even be material since the party complaining of the defects has settled. Further, Scheffers and Alfa-Laval agree on what is defective; their argument is over a possible warranty by Scheffers which would give rise to a duty to indemnify. Thus, it is unlikely that there are any sources of proof in Minnesota.

As with sources of proof, all of the parties and witnesses likely to be called in this action are outside of Minnesota. If arbitra-

tion does take place, it will proceed in New York according to the regulations of the Hague in the Netherlands. New York law governs the initial issue of arbitrability of this dispute. It would be difficult for a Minnesota court to supervise or enforce any arbitration award made under these circumstances and inconvenient for the parties to travel to Minnesota for judicial enforcement or supervision of a New York arbitration. In addition, New York courts would have personal jurisdiction over Scheffers. Scheffers executed a contract there with a corporation doing business in New York, agreed that New York law would apply, and consistently provided equipment to Alfa-Laval under the agreement. Finally, this is not a case for concern over disturbing the plaintiff's choice of forum; Alfa-Laval was brought into this lawsuit as a defendant by a Minnesota corporation which is no longer involved.

For the above reasons, we find that Minnesota is not the most equitable forum. We therefore reverse the trial court's order denying Scheffers' motion to dismiss and remand to the district court with instructions to enter a dismissal pursuant to said motion.