Edward W. **BERGQUIST** as Trustee for the Heirs of Erik Henry Boteus, decedent, Appellants,

v.

**MEDTRONIC, INC., et al., Respondents.**

No. C6–84–1243.

Court of Appeals of Minnesota.

April 2, 1985.

Bradlee Karan, Minneapolis, for appellants.

G. Alan Cunningham, Scott W. Johnson, Minneapolis, for respondents.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Edward W. Bergquist, trustee, brought a wrongful death action on behalf of Erik Henry Boteus's family on the theories of strict liability, breach of warranties and negligence. Bergquist appeals judgment dismissing this case on the basis of forum non conveniens. We reverse.

### FACTS

Erik Henry Boteus died on April 14, 1981 at the Sahlgrenska Hospital in Gothenburg, Sweden, allegedly as the result of the surgical implantation of a faulty prosthetic aortic valve manufactured and sold by respondents Medtronic, Inc. and Medtronic Blood Systems, Inc. (hereafter, Medtronic). This is a wrongful death action brought by Edward Bergquist as trustee for the heirs of Boteus.

The surgery took place in Sweden. At the time of his death, Boteus was a citizen and resident of Sweden, as are his heirs. Medtronic is subject to the jurisdiction of the Swedish courts, and those courts constitute an alternate forum for the resolution of appellants' claims. Respondents

are Minnesota corporations with their principal places of business in Minnesota.

## ISSUE

Did the trial court err in dismissing this case on the doctrine of forum non conveniens?

## ANALYSIS

The Minnesota Supreme Court has discussed forum non conveniens.

Minnesota courts in their discretion may decline jurisdiction over transitory causes of action brought by nonresident citizens or noncitizens of this state when it fairly appears that it would be more equitable to have the case tried in another available court of competent jurisdiction. *Hague v. Allstate Insurance Co.,* 289 N.W.2d 43, 45 (Minn.1979), *aff'd,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521, *reh'g denied,* 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981). (citations omitted.)

■ Minnesota's doctrine of forum non conveniens is patterned after the law stated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In making its decision, the court should consider private factors, such as the ease of access to sources of proof; availability of compulsory process for unwilling witnesses; the cost of obtaining willing witnesses; possibility of viewing the premises, if appropriate; enforceability of the judgment; and other practical considerations. *Id.* at 508, 67 S.Ct. at 843.

■ Courts should also consider public factors, such as administrative difficulties, jury duty (a burden that should not be imposed upon people of a community which has no relation to the litigation), and local interest in having local controversies decided at home. *Id.* at 508–09, 67 S.Ct. at 843.

■ The plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But un-less the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.*

Hence, the proper analysis requires an investigation of the *Gulf Oil* factors after a determination that plaintiff's requested forum is not oppressive or harassing to defendant.

■ The private interest factors do not clearly dictate that trial in Sweden is appropriate. The sources of proof are located both in Minnesota and Sweden. The corporate records are all in Minnesota; yet the death occurred in Sweden and the victim, heirs and hospital officials are Swedish. The trial court below ruled that view of the premises is inapplicable in this case and need not enter into the analysis. Judgment is enforceable in Minnesota since defendants are Minnesota residents.

Neither do the public interest factors weigh in favor of trial in Sweden. Defendants/respondents are Minnesota corporations, and the valve at issue was designed, manufactured, and tested in Minnesota. Hence, there is a local interest in having the controversy decided in Minnesota. While the operation occurred in Sweden, there is a strong local interest in having Minnesota residents held accountable for their actions under Minnesota tort law.

In their affidavit supporting the motion to dismiss, respondents stated that the Minnesota court lacks power to compel attendance of Swedish witnesses with knowledge of facts crucial to defense of this action. However, there is no allegation that critical witnesses have refused to testify, or that depositions cannot be taken.

Therefore, the balance does not fall strongly in favor of the defendant and the plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055.

In 1981 the United States Supreme Court further clarified the federal doctrine by

holding that plaintiffs may not defeat a motion to dismiss on the ground of forum non conveniens *merely* by showing that the substantive law in the alternative forum is less favorable to the plaintiffs than that of the chosen forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (emphasis added). In so holding, the court enhanced the flexibility of the doctrine by emphasizing that it helps courts avoid complex exercises in comparative law.

The Minnesota Supreme Court has not adopted *Piper*, but continues to follow the rationale laid down in *Gulf Oil Corp. See In re Florance*, 360 N.W.2d 626 (Minn. 1985). *See also, Bongard's Creameries v. Alfa-Laval, Inc.*, 339 N.W.2d 561 (Minn. 1983); *In re Cary*, 313 N.W.2d 625 (Minn. 1981), *reh'g. denied.*

Appellant admits that favorable rules of law led the heirs of Boteus to Minnesota. However, the Minnesota Supreme Court said:

> The mere fact that [the alternative forum's] law may be different from Minnesota law is not sufficient reason to decline jurisdiction.

*Hague*, 289 N.W.2d at 46.

Since respondents have not shown that it would be oppressive or harassing to have the litigation brought in Minnesota, plaintiff's choice of forum governs. It was premature to dismiss on forum non conveniens. However, if, as the litigation progresses, respondents demonstrate lack of cooperation or inability to procure crucial witnesses, their motion may be renewed.

## DECISION

Plaintiff's choice of forum is Minnesota. Applying the private and public interest factors set forth in *Gulf Oil*, trial in Sweden is not clearly indicated. The trial court prematurely dismissed this case on grounds of forum non conveniens. We reverse.