**Dov FRAIZER and Britt Bolesen, husband and wife, Plaintiffs,**

v.

**ST. JUDE MEDICAL, INC., Defendant.**

**Civ. No. 4–85–144.**

United States District Court, D. Minnesota, Fourth Division.

May 14, 1985.

Paul A. Strandness, Minneapolis, Minn., for plaintiffs.

Scott M. Jefferson, Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Dov Fraizer, a Danish citizen, and Britt Bolesen, his wife, brought this action against St. Jude Medical Inc. (St. Jude), a Minnesota corporation, alleging negligence, strict liability, breach of warranty and loss of consortium and seeking compensatory damages. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. The matter is now before the court upon St. Jude's motion to dismiss for *forum non conveniens*.

## BACKGROUND

Plaintiff Fraizer had a mitral valve prosthesis surgically implanted by Danish doctors in a Danish hospital in March 1980. Defendant manufactured the valve and distributed it in Denmark through its Danish representatives. Plaintiffs allege that Fraizer's life was endangered when on February 25, 1982, a leaflet of the prosthesis broke off. Surgery was done to replace the allegedly broken valve with another valve. St. Jude states that it studied the failure of the valve in Denmark and also at its facility in St. Paul, and asserts that the failure resulted from misuse by the doctors who implanted it.

St. Jude argues that Denmark is the only proper forum for the suit because much of the evidence is there. It claims that it cannot pursue its theory of the case—product misuse—here because relevant evidence and other parties are beyond the reach of an American court. It would like to implead the doctors and the hospital which implanted the valve. Plaintiffs contend, on the other hand, that defendant has failed to show such oppression and inconvenience as to justify dismissal, especially since the suit was brought in defendant's home forum.

## DISCUSSION

█ Ruling on a motion to dismiss for *forum non conveniens*, the court must first determine whether there is an alternative forum and if so, whether the presumption in favor of plaintiffs' choice of forum has been overcome by the private and public interest factors presented. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

In the instant case, Denmark is a viable alternative forum. The record shows that Denmark has a fault-based tort system which provides a cause of action against product manufacturers, doctors, and hospitals. The five year statute which governs such actions runs from the date of discovery of the negligence and would not bar plaintiffs' claims. Further, St. Jude has agreed to waive all jurisdictional defenses.

Plaintiffs argue that the recovery allowed in a Danish court may be inferior to that awarded in Minnesota under a strict liability theory. The United States Supreme Court in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), stated, however, that a forum may be adequate "even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery." 454 U.S. at 250, 102 S.Ct. at 263. The record shows that plaintiffs will not be deprived of a remedy or treated unfairly in Denmark.[1]

■ Since an adequate forum exists, the court must determine whether the public and private interest factors justify dismissal. Private factors include 1) relative ease of access to sources of proof, 2) availability of compulsory process for attendance of unwilling witnesses, and 3) all other practical problems that make a trial expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Public interest factors include 1) avoiding adding to the administrative difficulties of courts with congested calendars, 2) avoiding the imposition of the burden of jury duty upon people of a community which has no relationship to the litigation, 3) promoting the local interest in having localized controversies settled at home, and 4) avoiding problems of conflict of laws and the need for the court to apply foreign law. *Id.* at 508—509, 67 S.Ct. at 843. The relative strength of the forums' interest in the litigation should also be considered. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

■ Three key private interest factors, access to sources of proof, availability of compulsory process, and ability to implead third-party defendants, favor St. Jude. The doctor who implanted the valve is

there, as well as the members of the surgical teams which implanted and explanted the valve at the same Danish hospital. These witnesses cannot be compelled to testify in the United States by subpoena. Nor can the court compel production of pertinent documents concerning the custody or testing of the valve or surgical procedures. Thus, the inability to implead potential third-party defendants prevents St. Jude from presenting an effective defense in this court.[2]

To be sure, plaintiffs require evidence located in Minnesota concerning the design and manufacture of the valve. St. Jude has agreed, however, to produce in Denmark at its own expense all witnesses and documents under its custody and control that are deemed discoverable. Plaintiffs speculate that critical witnesses may no longer be with St. Jude and thus, not subject to process in Denmark. They have not shown, however, that any employees have in fact left. In any event, plaintiffs could take the depositions of these witnesses.

Moreover, even though defendant could bring a contribution and indemnity action in Denmark if it were found liable after trial here, it would be more convenient and conserve judicial resources if all the claims could be resolved in one trial. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259, 102 S.Ct. 252, 268, 70 L.Ed.2d 419 (1981).

In addition, the public interest factors balance in defendant's favor. While there is a local interest in holding Minnesota residents accountable for their actions under Minnesota tort law, the state also has a strong interest in ensuring that its corporations have access to adequate procedures to defend themselves and vindicate their rights. Moreover, Denmark has a significant interest in setting the standards that a foreign manufacturer must meet to sell

---

**1.** The same result would be reached under Minnesota law. *See Hague v. All State Ins. Co.*, 289 N.W.2d 43, (Minn.1978), *aff'd*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981).

**2.** It is this inability to implead third-party defendants which distinguishes this case from the

facts in *Bergquist v. Medtronic, Inc.*, 364 N.W.2d 887 (Minn.Ct.App.1985), a case heavily relied upon by plaintiffs. *Bergquist* did not involve third-party allegations of medical negligence, but was a straight products liability action.

products there. Plaintiffs reside in Denmark, the valve was marketed and inserted there, and the injury occurred there. Under these circumstances, it is most appropriate to judge the defendant's conduct by the standards of the community affected by its actions. *See Dahl v. United Technologies Corp.*, 632 F.2d 1027 (3d Cir.1980). *Harrison v. Wyeth Laboratories Div. of Am. Home Products Corp.*, 510 F.Supp. 1 (E.D.Pa.1980), *aff'd mem.*, 676 F.2d 685 (3rd Cir.1982).

The public also has an interest in avoiding further congestion of this court's calendar when another forum exists which would be more convenient. Additionally, public interest factors favor dismissal where the court would be required to untangle choice of law problems and analyze foreign law. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion of St. Jude Medical Inc. to dismiss for *forum non conveniens* is granted and plaintiffs' complaint is dismissed without prejudice.