501 A.2d 271

**Robert J. TRIFFIN, t/a General Funding, Appellant,**

v.

**John J. TURNER, Ind. & t/a "Johnnie's & Harrie's Texaco" a/k/a "Johnnie's Texaco" and Harry Foose, Jr., Ind. & t/a "Johnnie's & Harrie's Texaco" a/k/a "Johnnie's Texaco", Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Nov. 29, 1985.

Robert J. Triffin, in propria persona.

Before WIEAND, CIRILLO and ROBERTS, JJ.

WIEAND, Judge:

Robert J. Triffin, trading as "General Funding," purchased an account owed by John J. Turner and Harry Foose, Jr., trading as "Johnnie's and Harrie's Texaco," to Cintas Corporation for uniform rentals. Triffin's place of business is in Philadelphia; Turner and Foose operate a service station in Bucks County. Triffin commenced an action in Philadelphia County to recover an unpaid balance allegedly in the amount of $6,097.43. Service of the complaint was made by deputizing the sheriff of Bucks County.

The defendants filed preliminary objections challenging venue. On September 24, 1984, the court in Philadelphia transferred the complaint to Bucks County. A motion for reconsideration was denied, and Triffin appealed.[1]

■ Venue in an action against a partnership is governed by Pa.R.C.P. 2130(a), which provides as follows:

Rule 2130. Venue

(a) Except as otherwise provided by subdivision (c) of this rule, an action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of action arose.

Improper venue must be raised by preliminary objection. "If a preliminary objection is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county." Pa.R.C.P. 1006(e).

■ In the instant case, the defendant partners regularly conducted business in Bucks County, and it was there that they were served. The plaintiff's assignor, which allegedly had agreed to furnish uniforms to defendants for a rental or service charge, maintained a place of business in Philadelphia County, where the uniforms had been cleaned and maintained and from which new uniforms had been supplied. The averments of the complaint, moreover, were that the written uniform rental agreement had been entered in Philadelphia.[2] Finally, "the rule is universal in the absence of agreement to the contrary, that payment [was] due at [plaintiff's assignor's] residence or place of business, and venue [was] proper there in a breach of contract action

---

1. An order changing venue is appealable. Pa.R.A.P. 311(c) provides: "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles."

2. The preliminary objections suggested otherwise, but the averment therein contained was not verified, and the preliminary objections did not contain a notice to plead.

alleging failure to make payment." *Lucas Enterprises, Inc. v. Paul C. Harman Co., Inc.*, 273 Pa.Super. 422, 425, 417 A.2d 720, 721 (1980). We conclude, therefore, that venue was properly laid in Philadelphia County.

■ The trial court did not determine that the plaintiff's choice of forum was in violation of the venue requirements of Pa.R.C.P. 2130. Indeed, it found that venue was undoubtedly proper. If venue had been properly laid in Philadelphia, however, the preliminary objections should have been dismissed. If venue was proper, the court could not act sua sponte to transfer venue to Bucks County. See: *Hosiery Corp. of America, Inc. v. Rich*, 327 Pa.Super. 472, 476 A.2d 50 (1984).

■ The trial court, in an opinion filed after an appeal had been taken, explained that it had transferred venue in the exercise of its discretionary powers because "the interests of the parties and our judicial system [would] be best served by the prosecution of this action in the Bucks County Court System." We are constrained to agree with appellant that this was an abuse of discretion.

■ Pa.R.C.P. 1006(d) permits a court "upon petition of any party" to transfer an action "for the convenience of the parties and witnesses." In the instant case, there was no petition filed by any party to transfer the case on grounds of forum non conveniens. Although the defendants had filed preliminary objections challenging venue, the only relief requested had been a dismissal of appellant's action. This was an inadequate basis on which the court could act to transfer venue in view of the fact that venue in Philadelphia was proper. *Hosiery Corp. of America, Inc. v. Rich*, *supra*. There has been no allegation in these proceedings, nor has evidence been presented, that it would be more convenient for either the parties or the witnesses to litigate the action in Bucks County. In the absence of such evidence, it was an abuse of discretion to disturb the plaintiff's choice of a proper forum. Cf. *Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 491 A.2d 154 (1985); *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 461 A.2d 805 (1983).

See also: *Walker v. The Ohio River Company,* 416 Pa. 149, 205 A.2d 43 (1964) (it is for plaintiff to choose place of suit); *Plum v. Tampax,* 399 Pa. 553, 160 A.2d 549 (1960) (same); *Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 575, 426 A.2d 635, 643 (1980) (same); *Pennsylvania Power and Light Company v. Gulf Oil Corporation,* 270 Pa.Super. 514, 539–540, 411 A.2d 1203, 1217 (1979), *cert. denied,* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980).

The transfer of venue by the trial court appears to have been based primarily upon its belief that the plaintiff had been engaging in forum shopping. A prior action between the same parties in Bucks County, the trial court observed, had been discontinued voluntarily by appellant prior to commencing an action in Philadelphia. Whether, under appropriate procedural circumstances, this might be a significant consideration, we need not now decide. It is enough for our purposes that venue had properly been laid by the plaintiff-appellant in Philadelphia County and that no party had alleged or proved that it would be more convenient to the parties and witnesses to proceed in Bucks County. Under these circumstances, the trial court abused its discretion when, acting sua sponte, it transferred venue to Bucks County.

Order reversed.