540 A.2d 584

**Howard R. HORN, an individual and Jill A. Horn, an individual, Appellants,**

**v.**

**ERIE INSURANCE EXCHANGE, Ronald M. Kean and Pamela Kean, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1988.

Filed April 18, 1988.

Robert W. Deer, Pittsburgh, for appellants.

Richard Levine, Pittsburgh, for appellees.

Before BROSKY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

The issue in this appeal is whether a trial court may act sua sponte to transfer to another forum an action whose venue has been properly laid.

■ An action for declaratory judgment was filed in Allegheny County by Howard R. Horn and Jill Horn, his former wife, to adjudicate whether Erie Insurance Exchange (Erie) was required by the terms of its homeowner's policy to defend an action brought against the Horns in Washington County. That action, filed by Ronald and Pamela Kean, had charged the Horns with negligently and/or fraudulently selling their Washington County residence to the Keans without disclosing that the property was termite-infested and structurally damaged. On April 28, 1987, the court in Allegheny County granted partial judgment on the pleadings in the declaratory judgment action and directed Erie to provide a defense to the Horns in the Washington County action.[1] Erie thereafter undertook to provide the Horns with a defense in Washington County on the Keans' cause of action for negligence, but it refused to defend the Horns against the claim which was based on intentional fraud. Both parties in the declaratory judgment action subsequently requested the court in Allegheny County to clarify its order. The trial court denied both motions and sua sponte transferred the declaratory judgment action

1. The order refused a request for the summary entry of an order requiring Erie to indemnify the Horns for any liability determined by the Washington County action or to reimburse the Horns for their legal costs. The court's order was consistent with the rule of law which holds that an insurer is obligated to provide a defense until it is clear that the action does not involve a matter for which coverage has been provided. See: *United Services Automobile Ass'n v. Elitzky,* 358 Pa.Super. 362, 368, 517 A.2d 982, 985 (1986); *Vale Chemical Co. v. Hartford Accident and Indemnity Co.,* 340 Pa.Super. 510, 518 n. 7, 490 A.2d 896, 900 n. 7 (1985).

to Washington County. The Horns appealed.[2] They contend that the trial court erred when it transferred venue sua sponte.[3]

■ It is undisputed that venue in the declaratory judgment proceeding was properly laid in Allegheny County. The forum was selected by the plaintiffs. Their choice is entitled to weighty consideration and should not lightly be disturbed. *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 82, 461 A.2d 805, 806 (1983). See also: *Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 75, 491 A.2d 154, 156 (1985). Although Pa.R.C.P. 1006(d) authorizes a court to transfer an action to the appropriate court of any other county where the action could originally have been brought "for the convenience of parties and witnesses," this rule is implicated only "upon petition of any party." In this case, neither party requested a change of venue for the convenience of the parties and witnesses; and there is no basis apparent on this record that a transfer to Washington County would serve the stated purpose of the rule. Inasmuch as venue was properly laid in Allegheny County, therefore, the trial court abused its discretion by sua sponte transferring venue to another forum which, for reasons perceived by the transferring court, could more conveniently decide the case. See: *Triffin v. Turner*, 348 Pa.Super. 6, 9, 501 A.2d 271, 273 (1985).

■ Erie argues that a court may transfer venue on its own motion for reasons of "judicial economy," to eliminate "inconsistent results," and to avoid "prejudice." However, Pa.R.C.P. 1006 "does not suggest that a forum non conveniens transfer may be based upon possible inconvenience to the transferring court if that court were required to try the case." *Ernest v. Fox Pool Corp.*, *supra* 341 Pa.Super. at 75–76, 491 A.2d at 156. A trial court may not utilize a

2. Pa.R.App.P. 311(c) permits an immediate appeal from an order in a civil proceeding changing venue and transferring a case to another court of coordinate jurisdiction.

3. The Horns have also requested "definitive guidance on the scope of Erie's duty to defend." We decline to render the advisory opinion which they seek.

transfer of venue merely to control its docket, to preserve judicial resources, or to avoid deciding cases which are properly before it. Neither the parties nor the trial court has demonstrated that it would be more convenient for the parties [4] or the witnesses to litigate the declaratory judgment action in Washington County. The substantive issue involved in the action is primarily one of law, involving, as it does, a determination of Erie's duty to defend a separate action. This can be determined in Allegheny County, the forum selected by the plaintiff, without inconvenience to witnesses and without prejudice to the parties.

The order transferring venue is reversed.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

I concur in the result. I agree that venue was proper in Allegheny County because Appellant Jill Horn resides in Allegheny County. However, under the appropriate circumstances, I believe that a trial court may transfer venue sua sponte in order to adjudicate cases in the most expeditious manner possible and at the least expense and inconvenience to all concerned.

The question of venue is not simple to resolve. The Superior Court has recently dealt with this subject in *Korn v. Marvin Fives Food Equipment*, 362 Pa.Super. 559, 524 A.2d 1380 (1987), and in *Petty v. Suburban General Hospital*, 363 Pa.Super. 277, 525 A.2d 1230 (1987). In both *Korn* and *Petty*, identical language is used in discussing considerations for change of venue on forum non conveniens grounds.

When exercising its discretion on a motion to transfer for the convenience of the parties and witnesses, the court should consider those elements which affect the private interests of the litigants which include: the relative ease of access to sources of proof, availability of compulsory

4. Erie has offices in Allegheny County; Jill Horn resides in Pittsburgh; and Howard Horn presently resides in Michigan. All have retained Allegheny County attorneys.

process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be a question as to the enforceability of a judgment if one is obtained. *The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation;* the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law. (Emphasis added).

*Korn,* 524 A.2d at 1382; *Petty,* 525 A.2d at 1232.

I am aware that in neither of these cases did the trial court act sua sponte to transfer the case to another forum. Nevertheless, it is my opinion that such an action is within the discretion of the trial court when it concludes that the considerations for determining proper venue have been abused.

A hypothetical example of this is when a case is filed in Allegheny County, although the plaintiffs are residents of Washington County, the cause of action arose out of incidents which occurred in Washington County, and two of the three named defendants are residents of Washington County. The third defendant concededly does business in Allegheny County. (Although it may very well do business in any number of the sixty-seven counties of Pennsylvania as well). Under such circumstances, the provisions of Pa.R. C.P. 1006(c) would permit the bringing of the cause of action in Allegheny County.

In a situation of this nature, the court must contend with questions about the convenience of the parties and even greater problems created by the elements in which the public has an interest.

Article 5, Section 1 of the 1968 Pennsylvania Constitution requires that the judicial system shall be unified, consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace.

Notwithstanding this requirement, a unified system of funding has not been achieved. The Commonwealth pays the salaries of the judges and makes a minimal contribution to the expenses of operating the courts of common pleas. The individual counties fund the overwhelming bulk of the cost of maintaining the courts within its judicial district.

Why should the taxpayers of Allegheny County be burdened with the expenses of determining a law suit (such as the one in the above hypothetical), with which they have no connection. If a trial court did not transfer such a case it would be ignoring the elements in which the public had an interest. There is no nexus between Allegheny County and such litigation. The only reason that venue is even proper is because one of the defendants does business in this county. Cases of this nature add considerably to both the congestion of large metropolitan jurisdictions and the costs of financing them. Upon evaluation of the situation, a trial judge would be serving the public expediently by changing the venue of a case to a place having a relationship to, and a basis for, adjudicating the matter.

I am mindful of the Pennsylvania Supreme Court decision in *Allegheny County v. Commonwealth of Pennsylvania,* 517 Pa. 65, 534 A.2d 760 (1987), in which the Court held that the present statutory funding for the judicial system offended the constitutional mandate for a unified system. The General Assembly must now enact appropriate funding legislation consistent with the Court's opinion. Hopefully, the current funding problem as it applies to questions regarding venue will be eliminated.

Until such legislation is implemented, I propose that pending suits with illogical questions of venue are transfer-

able sua sponte by the trial court in keeping with public policy.