Michael W. STEVENS and Donna Stevens, Petitioners,

v.

The Honorable James B. BLEVINS, Judge of the District Court in and for Oklahoma County, State of Oklahoma, and A-1 Lawn Mower Shop, Inc., an Oklahoma Corporation; Brister's Thunder Karts, Inc., a Louisiana Corporation; Joel Lowes, Debbie Lowes, Gregory Tasso and Joetta Tasso, individually and d/b/a Fun Park Recreation, Respondents.

No. 84473.

Supreme Court of Oklahoma.

Feb. 7, 1995.

As Corrected Feb. 15, 1995.

Larry A. Tawwater, Jo L. Slama, Terry T. Wiens, Oklahoma City, for petitioners.

Burton J. Johnson, Katresa J. Riffel, Oklahoma City, for respondent, Brister's Thunder Karts, Inc.

Paul Middleton, Oklahoma City, for respondent, A–1 Lawn Mower Shop, Inc.

Tim N. Cheek, Oklahoma City, for respondents, Joel Lowes, Debbie Lowes, Gregory Tasso and Joetta Tasso, Individually and d/b/a Fun Park Recreation.

KAUGER, Vice Chief Justice.

The first impression question presented is whether, absent a request from the parties, a trial court may *sua sponte* transfer to another forum an action whose venue is proper. We find that it may not.

## FACTS

While Michael Stevens (Stevens) was go-cart riding on May 3, 1993, at the Fun Park Recreation center (the recreation center) in Kingfisher, Oklahoma, he was injured when his go-cart collided with another go-cart. On September 20, 1993, Stevens filed negligence and products liability actions in Oklahoma County, Oklahoma, against the recreation center and its owners, the go-cart manufacturer (Brister's Thunder Karts), and the Oklahoma County retailer (A–1 Lawn Mower Shop) who sold the go-cart to the recreation center.[1]

On December 6, 1993, the recreation center moved for summary judgment. None of the litigants disputed that Oklahoma County was a proper venue for the lawsuit. Nor did they raise the issue of whether Kingfisher County would be a more convenient forum. Rather than ruling on the motion for summary judgment, the court *sua sponte* ordered that the cause be transferred to the District Court in Kingfisher County, Oklahoma.[2] Although the order to transfer has been entered, the cause has not actually been transferred to Kingfisher County. On October 18, 1994, Stevens requested that we assume original jurisdiction and issue a writ of prohibition and/or mandamus.

**IN THE ABSENCE OF A MOTION BY THE PARTIES, A TRIAL COURT MAY NOT ACT ON ITS OWN PREROGATIVE TO TRANSFER TO ANOTHER FORUM AN ACTION WHOSE VENUE IS PROPER.**

Stevens, alleges that: 1) venue is proper in Oklahoma County; 2) in the absence of a

---

1. The accident occurred in Kingfisher County, Oklahoma. A–1 Lawn Mower Shop is located in Oklahoma County, Oklahoma. Brister's Thunder Karts, Inc., is a Louisiana Corporation. The other defendants reside in Kingfisher County, Oklahoma.

2. The journal entry provides:

   "Now on this 14th day of January, 1994, the Court, on its own motion, finds that this case should be transferred to the District Court in and for Kingfisher County, Oklahoma."

motion to transfer, there is no statutory or common law authority which allows a trial court to transfer a case from a proper venue to another county; and 3) because neither party moved for a change of venue, the trial court did not have the authority to *sua sponte* transfer the case. The respondents counter that: 1) under the common law doctrine of intrastate *forum non conveniens*, the trial court had discretion to transfer the cause; and 2) because Kingfisher County is the more convenient forum, the case was properly transferred.

A plaintiff's claim to his or her chosen venue is explicitly established by statute.[3] When an action is a transitory tort action, as in the present case, venue lies in more than one county.[4] Statutory venue lies either in Oklahoma County, the county in which the retailer, A–1 Lawn Mower Shops, Inc., is located and was served or in Kingfisher County, the county in which the other respondents reside and the county where the petitioner was injured.[5] If venue attaches under any statute, then the action is properly filed.[6] If two or more counties afford proper venue, none may be given judicial preference over another.[7] The petitioners' tort actions could be brought in either Oklahoma or Kingfisher County. However, they chose to file their actions in Oklahoma County.

A trial court is powerless to alter a plaintiff's choice of statutorily available venue within Oklahoma unless: 1) the case was brought in a county with improper venue; [8]

---

**3.** See, Title 12 O.S.1991 §§ 131 et seq., which governs the proper venue of actions brought in Oklahoma.

**4.** Here, the negligence and products liability actions brought by the Stevens are for personal injuries. Transitory actions are founded on causes of personal character, and venue may lie where a defendant is found. Local actions, as distinguished from transitory actions, are founded on causes that necessarily refer to locality, and must be laid in the county of the subject matter. *Chapman v. Parr*, 521 P.2d 799, 800 (Okla.1974); *First Nat'l Bank of Seminole v. Henshaw*, 169 Okla. 49, 35 P.2d 898, 901 (Okla. 1934).

**5.** The proper venue for the petitioners' negligence and products liability action against the respondent A–1 Lawn Mower Shop is found at 12 O.S.1991 § 134, which provides in pertinent part:

"An action ... against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose, or in any county where a codefendant of such corporation created by the laws of this state may be properly sued."

The proper venue for the petitioners' action against the respondent Brister's Thunder Karts, Inc., a foreign corporation, is found at 12 O.S. 1991 § 137, which provides in pertinent part:

"In addition to the other counties in which an action may be brought against a nonresident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of or debts owing to such defendant, or where such defendant may be found, or in any county where a codefendant may properly be sued ..."

**6.** *Harwood v. Woodson*, 565 P.2d 1, 3 (Okla. 1977). Title 12 O.S.1991 § 154 provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

**7.** *Harwood v. Woodson*, see note 6, supra 12 O.S.1991 § 143 provides:

"All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special."

**8.** In *Pribram v. Fouts*, 736 P.2d 513, 516 (Okla. 1987), we found that where the statute of limita-

The proper venue for the petitioners' action against all of the other defendants which reside in Kingfisher County is governed by the special venue statute regarding motor vehicles, 12 O.S. 1991 § 141, and the general venue statute 12 O.S.1991 § 139. Section 141 provides in pertinent part:

"The venue of civil actions for damages resulting from the use or operation of motor vehicles ... shall be at the option of the plaintiff or plaintiffs, in either of the following:
1. In any county of Oklahoma where service of summons can be obtained upon one or more of the defendants as now provided by law.
2. In any county where the damages or a part thereof were sustained.
..."

Section 139 provides in pertinent part:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or resided at the time the claim arose, or may be summoned ..."

2) the plaintiff's choice is constitutionally infirm; 3) the transfer is made pursuant to 12 O.S.1991 § 140,[9] requiring a **motion by a party** that venue be transferred because a fair and impartial trial cannot be had in the county where the suit was brought; or 4) the common law doctrine of intrastate *forum non conveniens* is applicable.[10]

The respondents have never argued that venue did not lie in Oklahoma County; that the petitioners' choice of Oklahoma County was constitutionally infirm; or that they cannot receive a fair and impartial trial in Oklahoma County. Instead, the respondents argument is based on the assertion that the trial court did not abuse its discretion under the common law doctrine of intrastate *forum non conveniens* by transferring the cause to Kingfisher County on its own motion.

■ In *Gulf Oil Co. v. Woodson*, 505 P.2d 484, 489 (Okla.1972), this Court recognized and applied the common law doctrine of intrastate *forum non conveniens*.[11] Under this doctrine, a trial court may, through its broad equity powers under the common law, transfer a case when the interest of justice requires a trial in a more convenient forum.[12] The action must be transitory and

two proper venues must exist in which the case could be brought.[13] In adopting the common law doctrine, this Court set forth procedural requirements **including an application for a change of venue by the parties** stating the facts on which the transfer is based. In *Halliburton Co. v. District Court of Creek County*, 525 P.2d 628, 629 (Okla. 1974), we found that an application for a change of venue under the doctrine of intrastate *forum non conveniens* must be filed by a party before the date fixed for filing an answer. The failure to attempt to invoke the intrastate *forum non conveniens* doctrine before a party files an answer constitutes a waiver. If an application to change venue is not filed, objection to the venue under the doctrine is waived.

■ Here, even if the doctrine of intrastate *forum non conveniens* might apply because the petitioners' action is transitory and two counties have proper venue, neither party filed an application for a change of venue. Rather, the trial court *sua sponte*, applied the doctrine. However, where venue is properly laid, *Gulf Oil* and *Halliburton* implicitly require that a party must object to the venue

---

tions had run and a dismissal would prevent a new lawsuit, a district court upon application to transfer by the plaintiff had discretionary power under common law to transfer a case from a county with improper venue to a county with proper venue.

9. Title 12 O.S.1991 § 140 provides:
"In all cases in which it is made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may, on application of either party, change the place of trial to some county where such objections do not exist."

10. This Court has not found that the common law doctrine of intrastate *forum non conveniens* was abrogated by legislative venue enactments of title 12 O.S.1991 §§ 131 et seq. See, *Kennedy v. Henderson*, 794 P.2d 754 (Okla.1990); *Groendyke Transport, Inc. v. Cook*, 594 P.2d 369, 371 (Okla. 1979); *Schwartz v. Diehl*, 568 P.2d 280, 283 (Okla.1977); *Harwood v. Woodson*, see note 6 at 3, supra *Safeway Stores, Inc. v. Martin*, 530 P.2d 131, 133 (Okla.1974); *Simpson v. Woodson*, 508 P.2d 1069, 1071 (Okla.1973); *St. Louis–San Francisco R.R. Co. v. District Court*, 512 P.2d 170, 172 (Okla.1973); *Gulf Oil Co. v. Woodson*, 505 P.2d 484, 489–90 (Okla.1972). It is unnecessary to do so in order to answer the present issue. However, for a discussion on the viability

of the common law doctrine of intrastate *forum non conveniens*, See *Kennedy v. Henderson*, 794 P.2d 754, 754–57 (Okla.1990), and the dissenting opinion.

11. The issue in the present case involves the application of the intrastate doctrine of *forum non conveniens*. We note that where the interstate doctrine of *forum non conveniens* applies, courts have found that it may be applied by a trial court *sua sponte* to dismiss the action. See e.g., *Haynes v. Carr*, 379 A.2d 1178, 1180 (D.C.App.1977); *Bongards' Creameries v. Alfa–Laval, Inc.*, 339 N.W.2d 561, 563 (Minn.1983). Other courts have not allowed the trial court to act on its own and dismiss an action on the grounds of interstate *forum non conveniens*. *VSL Corp. v. Dunes Hotels and Casinos, Inc.*, 70 N.Y.2d 948, 524 N.Y.S.2d 671, 519 N.E.2d 617 (1988).

12. In *Harwood v. Woodson*, see note 6, supra, we recognized that this doctrine was not abrogated by the enactment of 12 O.S.1991 § 143, see note 7, supra.

13. See also, *Chapman v. Parr*, see note 4 at 800, supra; *Schwartz v. Diehl*, see note 10 at 283, supra.

and move for a change of venue **before** the trial court has any authority under the common law to apply intrastate *forum non conveniens* and to transfer a case. Accordingly, the trial court lacked authority to order the case transferred without a request from either party.

Title 12 O.S.1991 § 140 provides the trial court with statutory authority to transfer a case on the basis of venue if it appears that a fair and impartial trial cannot be conducted in the county where the suit is pending. However, the express language of the statute requires that a party request a change of venue [14]—and the burden of proof is on the moving party to establish the necessity of the change of venue.[15] When the language of a statute is plain, it will be followed without further inquiry.[16] Clearly, unless a party requests a change of venue, a trial court has no statutory authority to transfer the case when venue is proper in that county. Here, venue was proper in Oklahoma County and neither party requested a change of venue. The trial court was not authorized by statute to order the case transferred without a motion from either party.

### CONCLUSION

An action which is brought in a county with proper venue may be transferred to another county in which venue is also proper. Nevertheless, the authority for a trial court to transfer the case on the basis of venue must be provided by statute or authorized through the court's common law equitable powers. Title 12 O.S.1991 § 140 [17] provides statutory authority for a trial court to change venue upon the application of either party. The common law doctrine of intrastate *forum non conveniens* allows a trial court to transfer a case to a more convenient forum when a party requests that the doctrine be applied. However, neither the statutory nor the common law authority to transfer a case provide the trial court with the power to *sua sponte* transfer an action when venue is proper.

We find that the trial court exceeded its authority when it acted on its own prerogative and transferred the present action to Kingfisher County.[18] A writ of mandamus is issued ordering the trial court to vacate its order transferring the petitioners' claim from Oklahoma County to Kingfisher County. A writ of prohibition is issued to prevent the trial court from transferring the case *sua sponte*.

**ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION AND WRIT OF MANDAMUS GRANTED; TRIAL COURT REVERSED.**

LAVENDER, SIMMS, HARGRAVE, SUMMERS and WATT, JJ. concur.

ALMA WILSON, C.J., and OPALA, J. concur in result.

HODGES, J. dissents.

14. Title 12 O.S.1991 § 140, see note 9, supra.

15. We note that once an application for a change of venue is made, the question of whether a venue should be changed by the trial court is discretionary and will not be reversed unless there is an abuse of discretion. *Groendyke Transport, Inc. v. Cook*, see note 10 at 372, supra; *Arkansas Louisiana Gas Co. v. Ackley*, 410 P.2d 35, 36 (Okla.1965); *Keck v. Bruster*, 368 P.2d 1003, 1006 (Okla.1962).

16. *City of Chandler v. State* ex rel *Dept. of Human Serv.*, 839 P.2d 1352, 1354 (Okla.1992); *Humphrey v. Denny*, 757 P.2d 833, 835 (Okla.1988).

17. Title 12 O.S.1991 § 140, see note 9, supra.

18. Other jurisdictions have also concluded that the trial court is without authority to transfer venue when the court transfers venue *sua sponte* within the state. See e.g., *Garzone v. Kelly*, 406 Pa.Super. 176, 593 A.2d 1292, 1298 (1991) (Trial court abused its discretion by *sua sponte* transferring an action to another county where neither party alleged improper venue or petitioned to transfer on the grounds of *forum non conveniens*.); *Horn v. Erie Ins. Exchange*, 373 Pa.Super. 186, 540 A.2d. 584, 586 (1988); *Triffin v. Turner*, 348 Pa.Super. 6, 501 A.2d 271, 273 (1985); *Fisk v. Thorp*, 51 Neb. 1, 70 N.W. 498, 499–500 (1897) (Unless authorized by statute, the trial court has no authority to transfer a cause on the basis of venue on its own motion.); *Powers v. Delaware & H.R. Corp.* 15 A.D.2d 620, 222 N.Y.S.2d 362, 364 (1961) (Trial court was without authority to change place of venue from county where venue was proper in view of fact neither party had requested such relief.); *Robertson v. Gregory*, 663 S.W.2d 4, 5 (Tex.App. 14 Dist.1983) (Courts are without authority, on their own motion, to change venue in civil suits.); *Humphrey v. Rawlins*, 88 S.W.2d 776, 776–777 (Tex.Civ.App.1935).

OPALA, Justice, with whom ALMA WILSON, C.J., joins, concurring in result.

The court holds that venue, once *rightly laid* at nisi prius, may not be changed, *sua sponte,* by a judge who deems another county in this State to provide a more convenient trial situs. Because I continue to counsel, with undiminished fervor, that *all* intrastate transfers for *mere* convenience are unauthorized by our statutory venue regime and should be permitted *only* when the defendant invokes (and is found entitled to) the protection of a threatened fundamental-law guarantee (e.g., that of fair trial or of some other valued element of due process), I concur *solely* in today's *disposition* but *not* in the court's *pronouncement.* For a detailed analysis in my earlier assault upon the legitimacy of the so-called intrastate *forum non conveniens* doctrine, see *Kennedy v. Henderson,* Okl., 794 P.2d 754 (1990) (Opala, V.C.J., dissenting).

I would today declare that rightly-laid venue of an action may *not* be changed to another county in this State, *either sua sponte or on motion,* merely to meet the defendant's convenience.